Church & Graves and Meritt H. Steger, all of San Antonio, for plaintiff in error.

Neil E. Beaton, of San Antonio, for defendant in error.

## MILAM BLDG CO. v. DANNELLEY.
### No. 1335.

Court of Civil Appeals of Texas. Waco.

Feb. 2, 1933.

Rehearing Denied March 2, 1933.

GALLAGHER, Chief Justice.

Plaintiff in error, Milam Building Company, a corporation, instituted this suit against defendant in error, John L. Dannelley, to recover the sum of $332.50 alleged to be unpaid rent on a certain room in the Milam building in the city of San Antonio. The parties will be designated as in the trial court. Plaintiff alleged that defendant, by written contract with it, leased room No. 524 in said building for the period of one year, beginning February 1, 1929, and ending January 31, 1930, at a monthly rental of $47.50 per month; that it was stipulated in said lease contract that either party thereto should give the other at least three months' notice prior to the end of the term of his or its desire to terminate the same at such time, and that a failure to give such notice should extend such contract for another year. A copy of said contract was attached to plaintiff's petition and made a part thereof as fully as if copied therein. Plaintiff in error further alleged that defendant entered into possession of the rented premises and continued to occupy the same until the 30th day of June, 1930, when he vacated the same; that he did not, three months prior to January 31, 1930, the end of the original rental term, give it notice in writing that he desired to terminate said contract at that time, and that, because of such failure, such rental contract was automatical-

ly extended for another term of one year from and after January 31, 1930; that defendant paid the stipulated rental to and including the month of June, 1930, but failed and refused to pay such rental for the remaining seven months of the alleged renewed or extended term, amounting in the aggregate to the sum sued for. The lease contract made a part of plaintiff's petition, together with the rules and regulations which by the terms of such contract defendant was required to observe, cover fourteen pages of the transcript. The material elements of the actual rental contract, however, cover little more than a page. The remainder of the instrument consists principally of reservations and limitations on the rights of the tenant, exemption of the landlord in certain contingencies from liability to furnish service, and granting it, in certain contingencies, the right to take forcible possession of the premises and to enforce its claims against the tenant by summary seizure and sale of his property. Three separate paragraphs of said contract are involved in this controversy. The first two appear on page 4 thereof, and are as follows:

"(10) The lessee shall, at least thirty (30) days before expiration of the term of this lease, or if the tenancy be from month to month, then at least thirty (30) days before the expiration of any month of his tenancy, give to the lessor written notice of his intention to surrender the premises at the expiration of said term, or of any month to month tenancy as the case may be. Should such notice be not given then the lessee agrees to pay for one additional month's rent at the same rate as the next preceding month."

"(11) Should the lessee hold possession of the said premises after the expiration of the term of this lease, then the lessee shall become a tenant from month to month only, and at the rental and upon the terms herein specified for the last month of said term, and he shall continue to be such tenant from month to month until such tenancy shall be terminated by the lessor or until the lessee shall have given to the lessor a written notice of at least one month, of his intention to terminate the tenancy. But nothing either in this or the next preceding paragraph shall be construed as a consent by the lessor to the occupancy of the said premises by the lessee after the expiration of the term thereof. Any holding over against lessor's will after the termination of this lease shall be a tenancy at will and shall be at a monthly rental double the amount stipulated for the last month of the lease, and the lessee shall be liable to lessor for all loss, damage or expense on account of such holding over whether such loss or damage be contemplated at this time or not."

The third appears on page 9 of said contract, and is as follows: "In lieu of paragraphs ten (10) and eleven (11), it is agreed that unless either party hereto shall give to the other, at least three months prior to the end of said term, written notice of his or its desire and intent to terminate this lease at the end of said term, this lease shall continue, upon the terms and conditions then in force, for a further period of one year; and so on from year to year until terminated by either party hereto giving to the other written notice, at least three months prior to the expiration of the then current term, of his or its desire and intent to terminate this lease at the end of said term. Any holding over against lessor's will after the termination of this lease shall be a tenancy at will and shall be at a monthly rental double the amount stipulated for the last month of the lease, and the lessee shall be liable to le——— for all loss, damage, or expense on account of such holding over whether such loss or damage be contemplated at this time or not."

Plaintiff, as above indicated, based its cause of action on the provisions of said last quoted paragraph, and made no reference to the preceding paragraphs numbered 10 and 11, respectively, but wholly ignored the same.

The defendant presented a general demurrer to plaintiff's petition. The court sustained the same. Plaintiff refused to amend, stood on its petition as written, and perfected this appeal.

### Opinion.

Plaintiff presents a single assignment of error, in which it complains of the action of the court in sustaining defendant's general demurrer. It contends in that connection that the contract sued on shows on its face as a matter of law that paragraphs 10 and 11 thereof were by the agreement of the parties repealed and in legal effect eliminated therefrom and the subsequent paragraph substituted therefor. Any theory that said subsequent paragraph was by the conscious accord of the parties added to the contract after the prior pages thereof had been prepared, submitted, and considered by them, and for the purpose of expressing their final agreement with reference to the necessity of notice to terminate the same and the duration of the renewed or extended rental term which should arise on failure to give such notice, is excluded by the lack of such allegations in plaintiff's petition, by its refusal to amend and explain the presence of such conflicting paragraphs in the instrument, and by the uncontroverted statement in oral argument that a printed form containing all of said paragraphs was used in its preparation and execution. See, in this connection, 6 R. C. L. p. 847, § 237.

Plaintiff stresses the fact that said conflicting paragraph last quoted appears immediately above the date line and the signatures of the respective parties to the lease proper. Such signatures are, however, fol-

lowed by several pages of rules and regulations referred to in the contract and expressly made a part thereof. Plaintiff's contention appears, therefore, to be based on the position of said conflicting paragraph and on the fact that it is introduced by the words, "In lieu of paragraphs 10 and 11." Defendant in that connection invokes the rule that, of two inconsistent clauses or paragraphs in a contract, the first and not the last shall be given prevailing effect. 13 C. J. p. 535, § 497; 4 Page on Contracts, § 2037; Bean v. Ætna Life Insurance Co., 111 Tenn. 186, 78 S. W. 104; Employers' Liability Assurance Corporation v. Morrow (C. C. A.) 143 F. 750, 755. The rule so announced has been recognized and applied in this state. Penn v. Hare (Tex. Civ. App.) 223 S. W. 527, 529, par. 3; Prince v. Frost-Johnson Lumber Co. (Tex. Civ. App.) 250 S. W. 785, 790, par. 11. The above authorities, however, recognize a further rule that the inconsistency between two clauses or paragraphs of the same instrument may be so great as to avoid both for uncertainty. Said rules forbid our holding that the last of said conflicting paragraphs, merely by reason of its position in the instrument, controls, and, as a matter of legal construction, avoids or eliminates the preceding paragraphs 10 and 11 quoted above in connection therewith.

Plaintiff correctly contends that the ordinary meaning of the words "in lieu of" is in place of, instead of, or in substitution for. 31 C. J. p. 361. It does not necessarily follow, however, that, because the last of said conflicting paragraphs begins with the words, "In lieu of paragraphs 10 and 11, it is agreed," etc., that said former paragraphs, though not in any way stricken or expunged, are thereby avoided as fully as if they had been actually so eliminated. The parties, by their execution of said lease contract, constituted the whole thereof the solemn repository of the mutual rights acquired and obligations assumed by them. Plaintiff has cited no case supporting its contention. The first case cited by it in this connection is National Sewing-Mach. Co. v. Wilcox & Gibbs Sewing-Machine Co. (C. C. A.) 74 F. 557. The issue involved in that case was the rate of royalty to be paid for the privilege of selling and leasing a patented article. The contract provided, in substance, that, as long as the licensee restricted its sales and leases to the home market, it should pay a royalty of 40 per cent., but that, in event it made sales or leases in a foreign market, a royalty of 45 per cent. should be paid "in lieu of" the former 40 per cent. so stipulated. There the first clause in the contract was given full and continued effect until the happening of a named contingency, when the second clause would become binding and determine the rights of the parties "in lieu of" the former provision. The next case cited by plaintiff is Gossler v. Goodrich, 10 Fed. Cas. page 836, No. 5,631. The issue involved in that case was the construction of an act of Congress levying duties on certain imports. The act under consideration in terms provided that the duties imposed thereby should be "in lieu of" those imposed by the then existing laws. Said act, being subsequent in time to the laws in force when it was enacted, merely effected a change in the rate of duty. No question of conflicting provisions in the same enactment was involved. The third and last case cited on this point by plaintiff is State of Tennessee v. Bank of Commerce (C. C.) 53 F. 735. In that case the state granted a charter creating a corporation, and provided therein that said corporation should pay a specific tax on each share of its capital stock, and that the same should be "in lieu of all other taxes." No other tax was imposed upon the corporation by the terms of its charter, so no question of conflicting provisions therein was involved. We have examined the accessible authorities listed in notes 26 to 41 to the text of 31 C. J. p. 361, cited above, and have found none supporting plaintiff's contention. We therefore conclude that said paragraphs 10 and 11 were not in legal effect eliminated, and that there is an irreconcilable conflict between them and the other paragraph above quoted. Such being the case, it is immaterial whether control and effect should be given to said paragraphs 10 and 11 or whether all three paragraphs, when considered together, are so repugnant as to destroy each other on the ground of uncertainty. The cause of action declared on by plaintiff is founded solely upon said last paragraph, and its allegations will not support a recovery under the provisions of paragraphs 10 and 11. The action of the trial court in sustaining defendant's general demurrer was proper, and its judgment is here affirmed.