**Billy Gene MYERS, Plaintiff-Respondent,**

**v.**

**Betty Sue MYERS, Defendant-Appellant.**

**No. 34229.**

Missouri Court of Appeals,
St. Louis District.

April 25, 1972.

---

1. Rule 81.01 is former Rule 82.01.

Niedner, Niedner & Moerschel, Daniel E. Nack, St. Charles, for defendant-appellant.

George E. Sullivan, Michael A. Turken, O'Fallon, for plaintiff-respondent.

DOWD, Judge.

This is appeal from an order of the trial court's denial of defendant's motion to set aside the default judgment which awarded plaintiff a divorce from defendant and custody of their four minor children. Defendant was granted reasonable rights of visitation.

The circumstances of the default judgment and the subsequent motion to set it aside are as follows. Plaintiff filed his petition for divorce on February 24, 1971. Defendant was served with the petition and summons by the sheriff, but did not file any responsive pleading and did not appear in court on April 2, 1971, the scheduled time for the hearing.

At the trial, plaintiff testified in substance that defendant had committed certain indignities toward him. She had a quarrelsome and nagging disposition. She was cold and indifferent towards him, and refused to perform her marital duties with him. Plaintiff further stated that defendant had been associating in public with other men and had once seen three men coming from his house late at night. Finally, defendant told plaintiff that she no longer loved him, and did not wish to remain married to him. He had also unsuccessfully attempted reconciliation with her. She negligently left the children with incompetent baby sitters. He stated that if he obtained custody of the children he would live with his mother in her home which is big enough to accommodate both him and the children and that his mother would quit work and take care of the children.

The defendant's sister testified on behalf of the plaintiff that defendant did not show a proper interest in the children, and

in her opinion, the children would be better off with the plaintiff. She corroborated plaintiff's testimony that defendant was seeing another man.

Thereafter, and as a result of the judgment awarding plaintiff a divorce and custody of the children, on April 7, 1971, defendant filed a motion to set aside that judgment based on the fact that she was ignorant of the law and was not represented by an attorney; that she was misled by the plaintiff into believing that he was not going to proceed with the divorce action; that defendant had a meritorious defense to the action; that plaintiff was not, in fact, the innocent and injured party; and, that the welfare of the children required a full hearing on the merits.

At the hearing on defendant's motion held April 21, 1971, the defendant testified as follows. She had been served with the summons and copy of the divorce petition by the Sheriff of Warren County.[1] She did not read the summons but later stated she had read the summons. She read the petition but "I didn't read it good." A week after she was served with the papers her husband called her and stated that he was not going to go through with the divorce and he was only bluffing her but that if she wanted to contest the divorce she should be in court April 5, 1971. She then met with the plaintiff who asked for a reconciliation and she promised to think about it. Then, on April 2, the plaintiff came to pick up the children in a drunken condition and told defendant he had gone to court and obtained custody of the children.

The defendant's testimony was thereafter directed at the merits of the divorce action itself. The substance of her testimony was that the plaintiff worked at night and was not home much to see the children. On the weekends he would watch TV and drink beer, or go out alone. She denied leaving her children with immature baby sitters, except for her sister's ten year old

son, and on those occasions, plaintiff did not object.

She testified generally that plaintiff drank excessively, was away from home for long periods, that he beat her, and that he neglected the children. The court allowed this line of testimony after cautioning defendant's attorney not to go into the merits of the divorce action. The judge sustained an objection to one question, but this question was then withdrawn by defendant's attorney.

The plaintiff then testified that he had never told his wife he was not going through with the divorce, and denied he misled her. He was allowed to testify about his wife's association with another man over defendant's objection, the court holding that the defendant had opened the door to such testimony. Plaintiff denied associating with another woman and denied being drunk on the occasion of April 2. He repeated his previous testimony as to the care given to his children by himself and his mother.

The defendant's sister again testified for the plaintiff and substantially reiterated her previous testimony; however, on cross-examination she admitted having quarreled with her sister.

■ Defendant's brief is attacked for failure to comply with Civil Rule 84.04(d), V.A.M.R. in that the Points Relied On are only abstract statements of law and do not show how they relate to any action of the court. This is especially true of Points 1 and 2. However, we do not choose to dismiss because "it is the policy of this court to decide cases on the merits when reasonably possible." Martin v. O'Connor, Mo., 406 S.W.2d 41, 42 [2]. We find it reasonably possible to do so here. This is particularly true in a divorce case where the custody of the children is involved.

■ In Defendant's Motion To Set Aside Default Judgment, it is requested

---

1. The date defendant was served is not in the record.

that a new trial be granted. This motion in our opinion is a motion for a new trial and is based on one of the grounds on which the court is expressly authorized to grant a new trial. Civil Rule 78.01 states in part that a new trial may be granted where it is shown that there was, " * * a fraud or deceit practiced by one party on the other * * *."

The thrust of defendant's motion was that she was deceived and misled by plaintiff's alleged statements that he was not going to go through with the divorce and in giving her the wrong date to appear in court, and that the plaintiff thus practiced a fraud on the defendant.

 However, the defendant had the burden of proving to the court by convincing evidence that the plaintiff had practiced a fraud on her. McMahon v. May Dept. Stores Co., Mo., 374 S.W.2d 82. While it is true that in a court-tried case, our review includes both the law and the evidence, however, where the factual issue is one to be determined from directly conflicting oral testimony, as is the case here, we defer strongly to the trial court's findings on the matter of credibility. This for the obvious reason that the trial judge had the opportunity to hear the testimony directly from the witnesses and to observe their demeanor which places him in a better position to weigh and assess the value of the testimony offered and to resolve the conflicting versions. McMahon v. May, supra. [2–4].

Here there was an irreconcilable conflict in the testimony of defendant and plaintiff. Defendant testified that plaintiff told her he was not going to prosecute the divorce; however, plaintiff specifically denied that he had ever misled defendant regarding the divorce. There was thus an irreconcilable conflict in the oral testimony which the trial court resolved in favor of the plaintiff. This court in Whitlock v. Whitlock, Mo.App., 395 S.W.2d 468, a case remarkably factually similar, also followed the principle as set out in McMahon v.

May, supra, and affirmed the judgment of the trial court which overruled defendant's motion to set aside a decree of divorce granted plaintiff by default. In *Whitlock*, the defendant also claimed that plaintiff told her he was not to prosecute the divorce with plaintiff denying he made the statement. The court in *Whitlock* pointed out that where there is irreconcilable conflict in oral testimony we ordinarily defer to the findings of the trial court since it is in a much better position to judge as to the credibility of the witnesses.

We agree with the findings of the trial court. We do not believe the trial court erred in overruling defendant's motion. The determination of this issue is decisive of this appeal.

We therefore find it unnecessary to go into defendant's other two points, which go to the admissibility of certain evidence regarding the merits of the divorce action.

The judgment is affirmed.

BRADY, C. J., and SMITH, SIMEONE and WEIER, JJ., concur.