R. Kinney WILLIAMS, Plaintiff-Respondent,

v.

Margaret R. WILLIAMS, Defendant-Appellant.

No. 34361.

Missouri Court of Appeals, St. Louis District.

Oct. 24, 1972.

Rehearing Denied Dec. 11, 1972.

295

His motion alleged that the defendant mother left their daughter with baby sitters for long periods of time and that the defendant's character "is not conducive to the care of a minor child." He also alleged that he had remarried and that he and his wife were willing and able to take care of the child.

The defendant was served with a summons on or about April 7, 1971, but did not answer. After the expiration of thirty days, plaintiff's motion was set for a hearing on June 23, 1971. On that date the plaintiff testified that since the divorce the defendant had been living with another man with the minor child, and that the defendant had left the child with baby sitters for long periods of time. That on one occasion she left the child with a baby sitter supposedly for one night but that after a week the baby sitter contacted the plaintiff in attempting to locate the mother. Plaintiff also testified that the defendant told him she attempted suicide by taking four libriums and thirty asperin and that he took her to the hospital at 2:00 a. m. His testimony related other misconduct by the defendant. After plaintiff's testimony the cause was reset for July 1, 1971 and the trial judge requested plaintiff's attorney to notify defendant of the setting by registered mail. Defendant failed to appear on that date, and the court granted plaintiff's motion by an order entered on July 28, 1971.

On August 19, 1971, defendant filed a motion to set aside the plaintiff's motion. A hearing was held on August 24, 1971, at which testimony was given by both parties.

Defendant testified that on the day she received the Summons, she called plaintiff's attorney and was told to contact plaintiff. She did so, and stated that she was led to believe that plaintiff was going to drop the motion. She also testified that she spoke to an attorney about the motion, but that the attorney did not believe counsel was necessary at that time, after she told him that there was no hearing date on

Charles Himeles, Legal Aid Society, Clayton, for defendant-appellant.

W. Scott Pollard, Florissant, for plaintiff-respondent.

DOWD, Chief Justice.

Plaintiff and defendant were granted a divorce on January 23, 1969. Each party received custody of one of the two minor children born of the marriage. On April 5, 1971, plaintiff husband filed a Motion to Modify the Divorce Decree, requesting transfer of custody of his minor daughter, five years old, from defendant to himself.

the petition. She stated she never received a registered letter from plaintiff's attorney concerning the July 1, 1971 hearing, nor any notice of an attempt to deliver such a letter.

Plaintiff testified that he at no time told defendant he was going to drop the motion, nor did he promise to inform her of the hearing date. The letter from plaintiff's attorney to the defendant was introduced into evidence, showing it to be a certified letter, return receipt requested, to be delivered to addressee only. The envelope was marked "unclaimed."

Defendant's motion was denied and she appeals. The basis of her appeal is that she was not served with reasonable and proper notice of the time and place of the hearing on plaintiff's motion to modify, or of the continuance date.

An examination of the record reveals that there is no merit to the issue raised by defendant-appellant. Civil Rule 43.01(a), V.A.M.R., is controlling, and provides as follows:

"Every pleading subsequent to the original petition, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper which by statute, court rule or order is required to be served, shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in this code."

■ In this case, the fact is undisputed that defendant was served with a summons in the manner required by this statute. The summons is in the usual form provided by the Circuit Court of St. Louis County instructing the defendant to answer within 30 days after service or suffer judgment by default. The defendant herein did not answer and, therefore, she was not notified of the hearing date. After 30 days, she was in default and had no legal right to such a notice. Civil Rule 43.01(a). See also Wade v. Wade, Mo.App., 395 S.W.2d 515, and Korn v. Ray, Mo.App., 434 S.W.2d 798. Therefore, although the lower court requested plaintiff's attorney to inform defendant of the continuance date, this was gratuitous, and not required by statute. The fact that the letter was sent, but not received by defendant, has no bearing on this matter for this reason.

■ As to whether defendant was misled by plaintiff into believing the motion would be dropped, this was a matter of credibility for the trial court. The court obviously believed the plaintiff's testimony and did not believe the defendant. Generally, we do not disturb the lower court's judgment as to credibility of witnesses, since we do not have the opportunity to see them or hear them. Civil Rule 73.01(d), V.A.M.R.

In the case of Myers v. Myers, Mo.App., 480 S.W.2d 74, this court held that in a case such as we have here, defendant had the burden of proving to the court by convincing evidence that plaintiff had practiced a fraud on her. The exact language is appropriate in deciding the case at bar.

"Here there was an irreconcilable conflict in the testimony of defendant and plaintiff. Defendant testified that plaintiff told her he was not going to prosecute the divorce; however, plaintiff specifically denied that he had ever misled defendant regarding the divorce. There was thus an irreconcilable conflict in the oral testimony which the trial court resolved in favor of the plaintiff. * * * where there is irreconcilable conflict in oral testimony we ordinarily defer to the findings of the trial court since it is in a much better position to judge as to the credibility of the witnesses." (l. c. 77).

We do not believe the trial court erred in overruling defendant's motion. The de-

termination of this issue is decisive of this appeal.

We therefore find it unnecessary to go into defendant's other point, which goes to the merits of the action itself.

The judgment is affirmed.

SMITH and SIMEONE, JJ., concur.