**In re the MARRIAGE OF Sammilyn MILLSAP, Appellant,**

and

**Robert Dale Millsap, Respondent.**

**No. KCD 29274.**

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Jon A. Matthew, North Kansas City, for appellant.

Gerald M. Handley, Kansas City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

The protagonists in this appeal are the divorced parents of a three year old male child, custody of whom was originally awarded to the mother. Some two years later, however, the father filed a motion to modify the original custody order and, after a "default hearing" obtained custody of the child.

On appeal the mother seeks to vacate the order transferring custody of the child to

the father. Three points, each containing numerous sub-points, are advanced by the mother to support her plea for vacation. Although convoluted in nature by reason of being extensively subdivided, they may be fairly compressed as follows for dispositional purposes: (1) lack of notice to the mother as to the date of the hearing invalidated the modification order; (2) the trial court's refusal to sustain the mother's motion to vacate or set aside the modification order constituted an abuse of discretion; and (3) transfer of custody of the three year old male child from the mother to the father was "against the law and the weight of the evidence".

■ A few perspicuous facts adequately set the stage for disposition of the mother's first point. A summons[1] and copy of the father's motion for modification were served on the mother on October 4, 1976. The mother failed to file or serve a responsive pleading of any kind or otherwise enter her appearance prior to entry of the controversial order. Consequently, without further notice to the mother, and absent her presence, a hearing on the father's motion to modify was held by the trial court on November 15, 1976, resulting in an order transferring custody of the minor child to the father. As previously noted, the mother attacks the legal efficacy of the hearing by reason of lack of notice. By failing to responsively plead to the motion according to the admonition contained in the summons served upon her the mother was in default and the father was under no compulsion, after the expiration of thirty days, to give her notice as to when the motion for modification would be heard and the trial court committed no error in proceeding to hear the matter ex parte. *Williams v. Williams*, 488 S.W.2d 294 (Mo.App.1972); and Rule 43.01(a).

■ Next, the mother seeks to overturn the modification order by charging the trial court with an abuse of discretion in overruling her motion to vacate and set aside the modification order. Before a trial court's refusal to set aside an order and judgment entered against a defaulting party can be castigated as an abuse of discretion, the complaining party must first show (1) he had a meritorious defense and (2) the existence of a good reason or excuse to explain away the default. *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114, 116 (Mo.1955); *Clinton v. Clinton*, 444 S.W.2d 677, 681 (Mo.App.1969); and *Cole v. Cole*, 462 S.W.2d 172, 174 (Mo.App.1972). Absent such a showing, a default has all the trappings of an intolerable attitude of casual indifference toward judicial matters and their orderly and timely disposition. Any attempt on the mother's part to show she had a meritorious defense was marginal to say the least. Pragmatically construed, the allegations relied upon in her motion to purportedly show she had a meritorious defense were little more than general denials of the father's allegations in support of the requested change of custody. A general denial is not tantamount to a plea setting forth a meritorious defense when determining whether an order or judgment entered against a defaulting party should be vacated or set aside. *Luce v. Anglin*, 535 S.W.2d 504, 508 (Mo.App.1976). Moreover, a meritorious defense, standing alone, is not sufficient to warrant vacation of an order or judgment entered against a defaulting party. *Fulton v. International Tel. & Tel. Corporation*, 528 S.W.2d 466 (Mo.App.1975). Finally, the mother made no pretense of showing the existence of any good reason or excuse to explain away her default. Everything considered, the trial court should not be reprobated for refusing to grant the mother's motion to vacate or set aside the modification order.

■ Finally, the mother seeks to upset the order of the trial court effecting the change of custody by claiming that it "was

---

1. The summons served upon the mother contained, inter alia, the following: "You are hereby summoned to appear before the above named court and to file your pleading . . . all within thirty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition."

against the law and the weight of the evidence". She claims that it was against the law in the sense that children of tender years should be placed and remain in the custody of their mother. This often urged principle was never intended to be indulged to the extent of excluding consideration of all other relevant matters, not the least of which is the "best interests" of the child. Suffice it to say, there was an abundance of evidence to justify the trial court's decision to remove custody of the child from the mother and place it with the father. The trial court cautiously refrained from summarily transferring custody of the child from one parent to the other. Evidence was heard which disclosed that the mother had adopted a nomadic and libertine lifestyle, had several times removed the child from the territorial jurisdiction of the court which originally granted her custody, thereby frustrating the father's right of visitation, and had improperly fed and cared for the child. Standing in contradiction to the environment provided by the mother, evidence was heard which disclosed that the father had remarried, his present wife did not work and was able to care for the child, he was earning a substantial income and was capable of providing for the child, and his testimony was replete with instances denoting his care and concern for the child's best interests.

Gauged by the criteria for review of court tried cases mandated by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), the order below should be affirmed.

Affirmed.

All concur.