

# The Attorney General of Texas

December 22, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas County District Attorney
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No. JM-403

Re:  Payment of attorney fees
for indigents in contempt pro-
ceedings arising out of non-
payment of child support

Dear Mr. Wade:

You question the continuing validity of Attorney General Opinion MW-242 (1980) in light of the Fifth Circuit's recent decision in Ridgway v. Baker, 720 F.2d 1409 (5th Cir. 1983). In Attorney General Opinion MW-242 this office was called upon to construe article 26.05 of the Code of Criminal Procedure in which provision is made for the compensation of attorneys who are appointed to represent indigents in certain criminal proceedings. Attorney General Opinion MW-242 indicated that article 26.05 does not authorize the payment of fees to court-appointed attorneys when their indigent clients have not been accused of a <u>criminal</u> offense or where writs of habeas corpus have not been filed. You suggest that recent developments in constitutional case law, which requires the appointment of an attorney in certain civil contempt proceedings, require reconsideration of Attorney General Opinion MW-242. We disagree.

It is now well established that in all felonies and at least in all misdemeanors which are punishable by confinement in jail, an accused has the right to the effective assistance of counsel. See Gideon v. Wainwright, 372 U.S. 335 (1963); Attorney General Opinion C-654 (1966). This right to have the state provide counsel extends to every case in which the litigant may be deprived of his personal liberty if he loses; the right does not depend merely upon labels of "civil" or "criminal." Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981); In re Gault, 387 U.S. 1, 41 (1967); Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983); see also Attorney General Opinion JM-176 (1984). The Fifth Circuit in Ridgway applied this rule to an accused father who was denied counsel and condemned to imprisonment for civil contempt in a nonsupport proceeding despite an uncontroverted assertion of indigency. See 720 F.2d at 1413.

We considered the nature of "civil" contempt proceedings at length in Attorney General Opinion JM-176 and concluded that "[w]hether classified as civil or criminal, contempt proceedings invariably invoke certain aspects of the criminal process." The Texas

Supreme Court has declared that "a contempt proceeding is unlike a civil suit, has some of the incidents of a trial for crime, and is quasi-criminal in nature." Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967) (citing Ex parte Davis, 344 S.W.2d 153 (Tex. 1961)). Consequently, proceedings in contempt cases should conform as nearly as possible to those in criminal cases. Ex parte Byram, 662 S.W.2d 147 (Tex. App. - Fort Worth 1983, no writ); Deramus v. Thornton, 333 S.W.2d 824, 829, (Tex. 1960); Ex parte Stanford, 557 S.W.2d 346, 348 (Tex. Civ. App. - Houston [1st Dist.] 1977, no writ); see also Ex parte Wilson, 559 S.W.2d 698, 701, (Tex. Civ. App. - Austin 1977, no writ). Thus, state law as well as federal law recognizes that the mere labels of "civil" or "criminal" should not control due process considerations.

Section (a) of article 26.04 of the Code of Criminal Procedure provides:

> Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence. (Emphasis added).

Article 26.05 of the Code of Criminal Procedure provides specific authority for payment of counsel appointed to represent indigent persons in certain circumstances. Article 26.05, section 1, provides that,

> A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule. . . . (Emphasis added).

See also art. 26.055.

In Attorney General Opinion MW-242, this office decided that when an indigent person has not been accused of a felony or misdemeanor punishable by imprisonment or that when no writ of habeas corpus has been filed, article 26.05 of the Code of Criminal Procedure does not apply. Accordingly, the opinion concluded that an indigent person's court-appointed attorney for a civil contempt proceeding may not be paid from the general fund of a county under the authority of article 26.05. The rationale for the opinion was that article 26.05 applies

only to appointments made, pursuant to article 26.04(a), in criminal cases. See also Attorney General Opinion M-48 (1967).

The authority for appointment of counsel for indigent persons in civil proceedings is found in articles 1917 and 1958, V.T.C.S. However, no civil statutes provide authority for the payment of attorneys appointed pursuant to articles 1917 and 1958. Moreover, these statutes are not mandatory. See Sandoval v. Rattikin, 395 S.W.2d 889, 894 (Tex. Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.), cert. denied, 385 U.S. 901 (1966); see also Tex. Fam. Code §11.18 (which allows discretionary awards of attorney fees in suits affecting the parent-child relationship; such fees may be taxed as costs); Drexel v. McCutcheon, 604 S.W.2d 430 (Tex. Civ. App. - Waco 1980, no writ). In contrast, article 26.04 of the Code of Criminal Procedure is mandatory.

The stated purpose of article 26.05 of the code is to provide for the payment of court-appointed attorneys representing indigents charged with "crimes," including misdemeanors which are punishable by imprisonment, and representing indigents in habeas corpus hearings. In language like that used in article 26.05, article 26.04 expressly requires the appointment of counsel to represent indigent accuseds "charged with a felony or a misdemeanor punishable by imprisonment." Thus, on its face, article 26.05 provides only for the compensation of attorneys appointed pursuant to article 26.04 or to represent indigents in habeas corpus proceedings.

The primary rule governing the interpretation of the provisions of statutes is to give effect to the intention of the legislature. City of Sherman v. Public Utility Commission, 643 S.W.2d 681, 684 (Tex. 1983). To determine the intent and purpose of a particular provision, it is proper to consider the history of the subject matter involved, the problem to be remedied, and the ultimate purposes to be accomplished. Id.

A brief look at the history of amendments to article 26.04 reveals the legislative intent that article 26.04 was arguably designed to comply with court decisions ruling that the Sixth and Fourteenth Amendments to the Constitution require the appointment of counsel in certain cases. For example, prior to the Supreme Court's decision in Gideon v. Wainwright, supra, decided in 1963, the predecessor act to article 26.04 applied only to felonies. See Acts

---

1.  It should be noted that, in light of Ridgway v. Baker, 720 F.2d 1409 (5th Cir. 1983), if this provision were used to tax attorney fees as costs in suits in which an indigent parent is constitutionally entitled to a court-appointed attorney, it may be unconstitutional, even though the provision is discretionary. See Attorney General Opinion C-654 (1966).

1959, 56th Leg., ch. 484, §1., at 1061.  In 1965, the legislature added "or misdemeanor punishable by imprisonment," see Acts 1965, 59th Leg., vol. 2, ch. 722, at 317, 425, in order to comply with the Gideon case. See Interpretive Commentary to Code Crim. Proc. art. 26.04.  Article 26.05 has been amended in ways that echo the amendments of article 26.04, see Acts 1965, 59th Leg., vol. 2, ch. 722, at 317, 425, to provide for the payment of counsel in felony cases and in misdemeanor cases involving a loss of liberty.  Because almost all "crimes" fall within the category of either a felony or a misdemeanor, both articles 26.04 and 26.05 may have been intended to encompass all "crimes" for which constitutional law required the appointment of an attorney.

As indicated, the courts have now broadened the category of cases in which counsel must be appointed, dispensing with the traditional labels of "civil" or "criminal" and looking to whether the nature of the proceeding is like a criminal case and to whether a potential loss of liberty is involved if the defendant loses the case.  Nevertheless, the present language of article 26.05 does not provide for the compensation of attorneys appointed to represent indigents in cases of a "quasi-criminal nature" where the law, including constitutional law, requires that the state provide an indigent with the effective assistance of counsel.  A primary tenet of statutory construction is that the enumeration of a particular matter implies the exclusion of all others.  Consequently, if the legislature had intended to include provision for the compensation of attorneys in instances other than those enumerated in article 26.05, it would have done so.

You ask only about our decision in Attorney General Opinion MW-242.  That opinion was based on a statutory interpretation of article 26.05.  You do not ask, nor do we address, whether any constitutional provisions require the compensation of an attorney appointed to represent an indigent.  See generally Annot., 21 A.L.R.3d 819 (1968) (right of court-appointed attorney to public compensation in absence of statute or court rule).  Attorney General Opinion MW-242 (1980) is expressly affirmed.

## S U M M A R Y

An attorney who is appointed to represent an indigent person in contempt proceedings arising out of nonpayment of child support may not be compensated under article 26.05 of the Code of Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General