**Harry Musial BAILEY, Appellant,**

v.

**Karolyn Sue BAILEY, Respondent.**

No. 20648.

Missouri Court of Appeals,
Southern District.
Division One.

May 1, 1996.

Jim S. Green, Sikeston, for appellant.

Michael F. O'Rourke, Charleston, for respondent.

MONTGOMERY, Presiding Judge.

The parties' marriage was dissolved on April 11, 1995. The marriage resulted in the birth of two children, Larry, born June 29, 1985, and Harry, born May 5, 1982. The trial court awarded the parties joint legal and physical custody of both children.

On July 18, 1995, Karolyn Sue Bailey (Mother) filed a Motion to Modify Decree of Dissolution of Marriage. The court issued a summons which was served on Harry Musial Bailey (Father) on August 8, 1995. The summons advised Father that he must file responsive pleadings within thirty days after service. The summons further advised him that if he failed to timely file responsive pleadings, the court would proceed to enter its judgment and order. Father failed to respond to the motion.

On September 12, 1995, the court took up the motion to modify. Neither the court nor Mother provided Father with notice of the hearing. The court rendered judgment on September 22, 1995, and modified the dissolution decree by awarding Mother sole custody of their eldest son and increasing Father's amount of child support. Father filed a Motion To Set Aside Decree and For New Trial on October 6, 1995. The court heard these motions on November 14, 1995, and subsequently denied them.

Father's sole point on appeal asserts that the trial court erred in hearing Mother's motion to modify without giving Father notice of the date and time of the hearing. Father's argument is without merit.

The facts are undisputed that Father was served with a summons instructing him to answer within thirty days after service or suffer judgment by default. Father did not responsively plead and, therefore, was not notified of the hearing date. After thirty days he was in default and had no right to such notice. The trial court committed no error in proceeding to hear the matter without notice to Father. Rule 43.01(a);[1] *In re Marriage of Millsap*, 559 S.W.2d 69, 71 (Mo. App.1977); *Williams v. Williams*, 488 S.W.2d 294, 296 (Mo.App.1972).

The judgment is affirmed.

GARRISON and BARNEY, JJ., concur.

1.  Rule references are to Missouri Rules of Court (1995).