Mark CRAMER, Respondent,

v.

Kelly Cramer CARVER, Appellant.

No. WD 62196.

Missouri Court of Appeals, Western District.

Jan. 27, 2004.

**374**

Rebecca L. Leonard and Jacob M. Do-leshal, Independence, MO, for Respondent.

Douglas G. Wemhoff, Kansas City, MO, for Appellant.

Before BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Kelly Carver appeals from the denial of her Rule 74.05(d)[1] motion to set aside the "default" judgment of the Circuit Court of Jackson County modifying its child support award. In its judgment modifying child support, the trial court reduced the monthly child support obligation of the respondent, Mark Cramer, from $1,450 to

1. All rule references are to the Missouri Rules of Civil Procedure, 2003, unless otherwise

$100 and credited his child support account in the amount of $2,200 for overpayments.

In her sole point on appeal, the appellant claims that the trial court erred in denying her Rule 74.05(d) motion to set aside the court's "default" judgment modifying child support because "the evidence presented by [the appellant] showed good cause and a meritorious defense" for setting aside the judgment.

We dismiss.

**Facts**

The parties were married on August 29, 1987, in Independence, Missouri. Two children were born of the marriage: Sara M. Cramer, born August 25, 1988; and Tyler R. Cramer, born June 24, 1990.

The parties' marriage was dissolved in the Circuit Court of Jackson County on May 25, 1993. In the dissolution decree, the parties were awarded joint legal and physical custody of the children, with the respondent ordered to pay the appellant $1,000 per month in child support. The child support order was subsequently modified on several occasions such that the respondent was eventually ordered to pay $1,450 per month in child support.

On March 11, 2002, the respondent filed a motion to modify child support and the court-approved parenting plan. In his motion, he sought a decrease in child support due to an involuntary decrease in earnings. On March 29, 2002, a stipulated joint parenting plan was filed with the trial court, leaving child support as the sole issue for disposition.

On April 3, 2002, the respondent filed his "FIRST AMENDED MOTION TO MODIFY CUSTODY AND CHILD SUP-

indicated.

PORT," wherein he sought a reduction in child support based on his alleged decrease in earnings and the terms of the new parenting plan. On April 4, 2002, the appellant filed an entry of appearance, wherein she waived service and acknowledged receipt of the respondent's amended motion to modify. She did not file a responsive pleading to the respondent's amended motion.

The parties entered into settlement negotiations in an attempt to reach an agreeable child support figure. Negotiations, however, broke down in late May 2002, with no further negotiations occurring in the months of June and July. On August 2, 2002, a hearing was held on the respondent's amended motion to modify, at which the respondent presented evidence. The appellant did not appear, later claiming that she did not receive notice of the hearing.

On the same date as the hearing, the trial court entered judgment on the respondent's amended motion to modify, wherein it reduced the respondent's monthly child support obligation from $1,450 to $100 and ordered that his child support account be credited $2,200 in overpayments. In its judgment, the trial court recited that "[appellant], appears not, has failed to file responsive pleadings, and is thereby in default."

On August 26, 2002, the appellant filed a joint motion seeking to set aside the trial court's judgment pursuant to Rule 74.05(d), governing the setting aside of default judgments, or in the alternative, to set aside the judgment pursuant to Rule 74.06(b) for mistake, excusable neglect, and misrepresentation. The joint motion was taken up and heard on October 11, 2002. On November 13, 2002, the trial court entered its "judgment" overruling the appellant's "Motion to Set Aside Default Judgment."

This appeal followed.

## I.

■ In her sole point on appeal, the appellant claims that the trial court erred in denying her Rule 74.05(d) motion to set aside the court's "default" judgment modifying child support because "the evidence presented by [the appellant] showed good cause and a meritorious defense" for setting aside the judgment. Specifically, she claims that she established good cause by presenting evidence that "[she] was lead [*sic*] to believe that the child support issue would be settled amicably and that full disclosure of the respondent's income would occur prior to going to a hearing." As to a meritorious defense, she claims that it was established in that she presented "evidence of [the respondent's] historical income and [the appellant's] financial situation and correct current income."

■ As in every case, we must first determine, *sua sponte*, whether we have jurisdiction to hear this appeal on the merits. *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo.App.1998). In that regard, a judgment entered beyond the jurisdiction of the trial court is void, and an appellate court has no jurisdiction to review on the merits. *Id.* The trial court has jurisdiction if it has judicial authority over the subject matter and parties, and has the authority to render the judgment entered. *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 21 (Mo. banc 2003). Because the trial court's judgment of modification was not a default judgment, as provided in Rule 74.05(a), subject to being set aside pursuant to Rule 74.05(d), the appellant's Rule 74.05(d) motion presented nothing for the trial court's consideration such

that its judgment[2] denying the motion was a nullity and presents nothing for our review, requiring us to dismiss.

■ In its judgment of August 2, 2002, the trial court found that the appellant *"has failed to file responsive pleadings, and is thereby in default."* (Emphasis added.) Thus, in finding that the appellant was in default, the trial court relied solely on the fact that she had failed to file responsive pleadings to the respondent's amended motion to modify child support. Rule 74.05, governing default judgments, provides, in pertinent part: "Entry of Default Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead ... *as provided by these rules,* upon proof of damages or entitlement to her relief, a judgment may be entered against the *defaulting* party." Rule 74.05(a) (emphasis added). Thus, in accordance with Rule 74.05(a), it is the failure to file a responsive pleading that causes a party to be in default, not the party's failure to appear for trial. *Shapiro v. Brown,* 979 S.W.2d 526, 528 (Mo.App. 1998). However, Rule 74.05(a) makes it clear that it is the failure to file a responsive pleading "as provided by these rules," meaning the Missouri Rules of Civil Procedure, that causes a party to be in default such that a party will only be in default, for failure to file a *responsive pleading, if a* responsive pleading was required to be filed under the rules of civil procedure. *Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo.App.1996). Hence, the appellant would only have been in default, with respect to the respondent's amended motion to modify child support, if she were required, as provided in the rules, to file a responsive pleading to the respondent's motion.

As recognized by this court in *Peace v. Peace,* "none of our rules or statutes require the filing of a formal answer or other responsive pleading to a motion to modify child support." 31 S.W.3d 467, 471 (Mo. App.2000) (*citing James v. James,* 853 S.W.2d 425, 432 (Mo.App.1993)). A motion to modify child support is not a civil action for purposes of Rule 55.01, governing required pleadings. *James,* 853 S.W.2d at 432. Thus, because the appellant was not required to file a responsive pleading to the respondent's amended motion to modify child support, her failure to file one did not cause her to be in default with respect thereto. And, her failure to appear was not sufficient to hold her in default. *Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994); *Wilson,* 925 S.W.2d at 219.

Because the appellant was not in default, with respect to the respondent's amended motion to modify child support, the trial court's judgment thereon was not a judgment of default, but a judgment on the merits, such that Rule 74.05 had no application. *DuPont v. Bluestein,* 994 S.W.2d 96, 97 (Mo.App.1999). Hence, the appellant's Rule 74.05(d) motion to set aside the non-existent "default judgment" of child support modification presented nothing for the trial court to rule upon such that its judgment denying the motion was a nullity, leaving us nothing to review with respect thereto.

■ In addition to seeking to set aside the trial court's judgment pursuant to Rule 74.05(d), as to the respondent's amended motion to modify child support, the appellant also sought, pursuant to Rule 74.06(b), to set aside the judgment for mistake, excusable neglect, and misrepresentation. With respect to excusable neglect, the appellant alleged that she did not receive

---

**2.** A motion to set aside a default judgment is an independent action, such that the trial court's decision to grant or to deny that mo-

tion is an independent judgment. *Moore v. Baker,* 982 S.W.2d 286, 288, n. 2 (Mo.App. 1998).

notice of the August 2, 2002, trial date. The record does not indicate that the appellant's Rule 74.06(b) motion was ever ruled upon by the trial court. In fact, the judgment of November 13, 2002, overruling the appellant's motion to set aside the trial court's default judgment, was expressly couched in terms of Rule 74.05(d), including the court's finding that as to the appellant's "notice complaint," no notice was required because she was in default. While it is well settled that a defaulting party is not entitled to notice, *Crain v. Crain,* 19 S.W.3d 170, 174 (Mo.App.2000), here, we have already determined that the appellant was not in default as to the respondent's amended motion to modify child support.

Based on the foregoing, it appears that the trial court did not rule on the appellant's Rule 74.06(b) motion, believing that the disposition of the appellant's Rule 74.05(d) motion, in effect, rendered her Rule 74.06(b) motion moot. In light of this fact and our determination, *supra,* that the trial court's judgment denying the appellant's Rule 74.05(d) motion was a nullity, the appellant's Rule 74.06(b) motion still pends such that in dismissing, we remand to the trial court for it to decide the appellant's Rule 74.06(b) motion.

### Conclusion

The appellant's appeal from the trial court's judgment denying her Rule 74.05(d) motion to set aside the trial court's August 2, 2002, judgment modifying child support is dismissed and the cause is remanded to the court for it to hear and rule upon the appellant's Rule 74.06(b) motion, which still pends.

BRECKENRIDGE, P.J., and HOWARD, J., concur.