Glenn P. BENNETT, Respondent Pro Se,

v.

Michael L. HILT and Elite Design & Remodeling, Inc., Appellant.

No. WD 63313.

Missouri Court of Appeals, Western District.

Sept. 21, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2004.

John R. Loss, Kansas City, MO, for appellant.

Glenn P. Bennet, Kansas City, MO, pro se.

Before ULRICH, P.J., LOWENSTEIN and EDWIN H. SMITH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Michael Hilt and Elite Design & Remodeling, Inc., appeal from the denial of their Rule 74.05(d) motion to set aside the default judgment entered in favor of respondent Glenn Bennett. Appellants claim that the trial court erred in denying their motion, because they had presented good cause and a meritorious defense. Appeal dismissed.

FACTS

This appeal arises from a contract dispute between appellants and respondent. Respondent filed a breach of contract action against appellants, seeking monetary damages for failure to pay for services rendered. Appellants filed an answer and asserted a counterclaim against respondent.

The case was scheduled for trial on June 9, 2003. Appellants filed a motion for continuance on May 28, 2003. Appellants did not receive any notice whether their motion for continuance had been granted or rejected. Assuming that their motion had been granted, appellants did not appear for trial on the scheduled date. At trial, respondent appeared and presented evidence before the trial court. Afterwards, the trial court took the case under advisement and later rendered a judgment in favor of respondent. Appellants subsequently filed a Rule 74.05(d) motion to set aside default judgment. The trial court denied the motion.

I.

Where a party has filed responsive pleadings but has failed to appear for trial, the judgment is not a default judgment but a judgment on the merits. *Cotleur v. Danziger,* 870 S.W.2d 234, 236 (Mo. banc 1994). Here, the appellants filed an answer but failed to appear at trial on the scheduled date. Furthermore, respondent presented evidence and testified at trial. Therefore, the judgment was on the merits and appellants were not in default. However, appellants filed a Rule 74.05(d) motion to set aside default judgment with the trial court. There being no default judgment to set aside, the trial court had nothing before it to consider. "[T]he appellant's Rule 74.05(d) motion to set aside the non-existent 'default judgment' ... presented nothing for the trial court to rule upon such that its judgment denying the motion was a nullity, leaving us nothing to review with respect thereto." *Cramer v. Carver,* 125 S.W.3d 373, 376 (Mo.App. 2004).

Appeal dismissed.

All concur.