Christopher Paul SCHWERMER,
Respondent,

v.

Amanda Lynn SCHWERMER,
Appellant.

No. WD 73685.

Missouri Court of Appeals,
Western District.

Oct. 4, 2011.

Tina M. Luper, for Respondent.

John H. Edmiston, for Appellant.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

VICTOR C. HOWARD, Judge.

Amanda Schwermer ("Mother") appeals the trial court's denial of her motion for relief from a judgment pursuant to Rule 74.06(b). In her sole point on appeal, Mother claims that the trial court abused its discretion in refusing to set aside its judgment modifying custody and child support because the judgment was void in that Mother did not receive notice of the hearing on the motion to modify. The judgment of the trial court is reversed and remanded.

## Factual and Procedural Background

The trial court entered a judgment dissolving the marriage of Christopher Schwermer ("Father") and Mother on November 17, 2009. That judgment awarded Father and Mother with joint legal and physical custody of their child ("Daughter"), and Father was ordered to pay Mother $50.00 per month in child support. On October 25, 2010, Father filed a motion

to modify custody and child support. In his motion, Father alleged that a substantial and continuing change in circumstances necessitated a modification of child custody. Father sought sole legal and physical custody of Daughter and requested that Mother be ordered to pay child support.

Mother was personally served with a summons and the motion to modify on December 3, 2010, at her residence in Minnesota. The summons informed Mother that her failure to file a pleading to the petition within thirty days after service of the summons would result in a default judgment against her. Mother did not file a responsive pleading to Father's motion within thirty days after service of the summons.

On January 10, 2011, Father filed a "Notice of Hearing" in which he stated that he intended to call the matter up for a default hearing on January 14. That notice was not sent to Mother. Father then presented his motion to modify to the court on January 14. In its judgment modifying custody and child support, the court noted that Mother, "although duly summonsed and personally served, is in default and appears not." The court found that a substantial and continuing change in circumstances justified the modification of custody and awarded Father sole legal and physical custody of Daughter. The court also ordered Mother to pay Father $376.00 per month in child support.

On February 16, 2011, Mother filed a motion for relief from the judgment pursuant to Rule 74.06(b). In her motion, Mother alleged that she was not provided with notice of the date of the hearing on Father's motion to modify. Mother contended that she was not in default because she was not required to file an answer to Father's motion to modify. Therefore, Mother was entitled to receive notice of the date of the hearing. Because the judgment was

rendered without Mother receiving notice of the hearing date, Mother argued that the judgment was void and that Mother should be relieved from the judgment pursuant to Rule 74.06(b). The trial court denied Mother's motion. This appeal by Mother followed.

## Standard of Review

The trial court is vested with broad discretion in determining whether to set aside a judgment pursuant to Rule 74.06, and " 'its decision shall not be reversed unless the record clearly and convincingly proves an abuse of that discretion.' " *In re Marriage of Hendrix,* 183 S.W.3d 582, 587 (Mo. banc 2006) (quoting *In re Marriage of DeWitt,* 946 S.W.2d 258, 261 (Mo.App. W.D.1997)). The trial court abuses its discretion when its " 'ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration.' " *Id.* (quoting *Hancock v. Shook,* 100 S.W.3d 786, 795 (Mo. banc 2003)).

## Discussion

In her sole point on appeal, Mother contends that the trial court abused its discretion in denying her motion for relief from the judgment of modification pursuant to Rule 74.06(b). Mother argues that she was not in default because she was not required to file an answer to Father's motion to modify. Because she was not in default, Mother asserts that her due process rights were violated when she did not receive notice of the time and place of the hearing on Father's motion to modify.

Before a decree is entered on a motion to modify child custody,

the litigants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child shall be served in

the manner provided by the rules of civil procedure and applicable court rules and *may* within thirty days after the date of service (forty-five days if service by publication) file a verified answer. If any such persons are outside this state, notice and opportunity to be heard shall be given[.]

§ 452.747.2, RSMo Cum.Supp.2010 (emphasis added). Mother resides outside the state of Missouri and contends that she was entitled to notice and an opportunity to be heard based on section 452.747.2. Mother also points out that the statute expressly states that a party "may" file an answer to a motion to modify within thirty days of service. Mother relies on this language and several recent cases for the proposition that she was not required to file an answer to Father's motion to modify. *See, e.g., In re Marriage of Cornella*, 335 S.W.3d 545, 557 (Mo.App. S.D.2011) (finding that a party is not in default for failing to file an answer to a motion to modify because there is no duty to file a responsive pleading to a motion to modify); *In re Marriage of Alred*, 291 S.W.3d 328, 331 (Mo.App. S.D.2009) (noting that a party is not required to file a formal responsive pleading to a motion to modify); *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo.App. W.D.2004) (holding that where a party is not required to file a responsive pleading to a motion to modify, the failure to do so does not cause the party to be in default).[1]

Father relies on the language of the summons and older Missouri cases to support his argument that Mother was required to file an answer to his motion to modify and that her failure to do so caused her to be in default. According to Rule 54.02, a summons shall include "the time

within which and the place where the defendant is required to appear and defend as provided by law and shall notify the defendant that in case of failure to do so judgment by default will be entered against the defendant for the relief demanded in the petition." The summons in this case informed Mother that her failure to file a pleading within thirty days after service of the summons would result in a default judgment against her. Because Mother failed to file an answer, Father contends that she was in default and that, therefore, he did not need to provide her with notice of the time of the hearing. *See* Rule 43.01(a) (providing that no service need be made on parties in default).

Father claims that the language of the summons required Mother to file an answer to his motion to modify. Father cites cases predating those cited by Mother which also rely on the language of the summons in finding that a party must respond to a motion to modify. *See, e.g., Bailey v. Bailey*, 924 S.W.2d 512, 512 (Mo. App. S.D.1996); *In re Marriage of Millsap*, 559 S.W.2d 69, 71 (Mo.App.1977). In *Bailey*, the Southern District found that where the summons instructed a party to answer a motion to modify within thirty days after service, and the party did not file a responsive pleading, that party was in default and was not entitled to notice of the hearing date. 924 S.W.2d at 512. In *Millsap*, this court similarly found that where the mother failed to responsively plead to the father's motion to modify according to the admonition contained in the summons, the mother was in default and was not entitled to notice of the time of the modification hearing. 559 S.W.2d at 71. Both courts relied solely on the language of the summons and did not cite any rule

1. The statement in section 452.747.2, that a responding party *"may* ... file a verified answer,"* contrasts with the language of the civil rules, which specify in Rule 55.01 that "[t]here *shall be* a petition and an answer," and that "[a] defendant *shall* file an answer within" a specified time. Rule 55.25(a) (emphasis added).

or statute requiring a party to file a responsive pleading to a motion to modify.

 The more recent cases cited by Mother clearly indicate that cases such as *Bailey* and *Millsap* are no longer followed. In *Alred* and *Cornella*, which were decided in 2009 and 2011, respectively, the Southern District expressly stated that a party is not required to file a responsive pleading to a motion to modify, and therefore, a party that fails to file a responsive pleading is not in default. *Alred,* 291 S.W.3d at 331; *Cornella,* 335 S.W.3d at 557.

This court fully addressed the issue in *Cramer. See* 125 S.W.3d at 376. This court noted that Rule 74.05, which governs default judgments, provides that a default judgment may be entered when a party "has failed to plead or otherwise defend *as provided by these rules.*"[2] Rule 74.05(a) (emphasis added); *Cramer,* 125 S.W.3d at 376. This court explained that, therefore, a party can only be in default for failure to file a responsive pleading if a responsive pleading is required to be filed under the rules of civil procedure. *Cramer,* 125 S.W.3d at 376. However, "'none of our rules or statutes require the filing of a formal answer or other responsive pleading to a motion to modify.'" *Id.* (quoting *Peace v. Peace,* 31 S.W.3d 467, 471 (Mo. App. W.D.2000)). Therefore, this court held that, where the appellant was not required to file a responsive pleading to the motion to modify, her failure to file one did not cause her to be in default. *Id.*

As the recent cases from the Southern and Western Districts demonstrate, a party need not file a responsive pleading to a motion to modify and cannot be held in default for the failure to file a responsive pleading. The language of a summons cannot impose a requirement to file a responsive pleading on Mother where no rule or statute requires the filing of a responsive pleading to a motion to modify. Where Mother was not in default for failure to file a responsive pleading, she was entitled to receive notice of the time of the hearing. Therefore, the trial court's judgment on the merits of Father's motion to modify is void. *See In re Marriage of Hendrix,* 183 S.W.3d at 589 (noting that, in the context of custody actions, a court lacks authority to modify a decree without first providing notice and an opportunity for hearing).[3] The trial court abused its discretion in denying Mother's motion for relief from the judgment pursuant to Rule 74.06(b).

The judgment of the trial court is reversed. The case is remanded for a new hearing on Father's motion to modify, with notice provided to Mother as to the time, date, and location of the hearing.

All concur.

2. Rule 54.02 similarly provides that a summons must include "the time within which and the place where the defendant is required to appear and defend *as provided by law.*" (Emphasis added.)

3. Moreover, Mother is entitled to notice and an opportunity to be heard pursuant to the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, enacted in 2009. Section 452.760.1 provides in relevant part that before a child custody determination is made, notice and an opportunity to be heard shall be given to a parent whose parental rights have not been terminated and to any person having physical custody of the child. Similarly, section 452.790 provides that a child custody determination made by a court with jurisdiction under the Act binds all persons who have been properly notified and been given an opportunity to be heard. The trial court in this case found that it had jurisdiction under the Act to modify the custody decree.