Oscar TOGHIYANY and Michael Sadri,
Plaintiffs/Respondents,

v.

CITY OF BERKELEY, et al.,
Defendants/Appellants.

No. 74300.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1999.

Elbert A. Walton, Jr., St. Louis, for appellant.

Ryan S. Shaughnessy, St. Louis, for respondents.

JAMES A. PUDLOWSKI, Presiding Judge.

The City of Berkeley, et al. (collectively "Appellant") appeal a judgment ordering them to: permanently refrain from enforcing the November 21, 1997 administrative orders; stay enforcement of the administrative orders; and set the matter for hearing before the City Council of the City of Berkeley (City Council). Appellant maintains, inter alia, that the court erred in entering a judgment in favor of Oscar Toghiyany, et al. (collectively "Respondent") because it lacked subject matter jurisdiction in that Respondent failed to exhaust all administrative remedies. We reverse and remand.

On August 12, 1994, Respondent entered into a real estate sales contract for the purchase of a tract of land located at 8533 Wabash Avenue in Berkeley. The land was zoned M–1 Industrial District. This sale was contingent upon Respondent obtaining a special use permit from City Council. Respondent, in the application for the permit, stated it wanted to use the land for "body shop and storage as needed."

In accordance with the applicable ordinance of the City of Berkeley, the application was submitted to the City Plan Commission for investigation and report. On November 17, 1994, the City Plan Commission approved the special use permit and recommended

City Council issue said permit. Following a public hearing on December 5, 1994, City Council approved issuance of the permit to Respondent "for use as an auto body repair shop." The City Council Resolution · authorizing the special use permit does not mention "storage as needed," and provides that the Department of Public Works is responsible for the enforcement of the permit's conditions.

On October 7, 1997, City of Berkeley Building Inspector determined that Respondent's storage of wrecked vehicles on the land violated the permit, and ordered Respondent to appear before the Director of Public Works (Director) to show cause why said permit should not be revoked. Director held a public hearing and entered an order on October 31, 1997, finding Respondent's permit authorized major automobile repair including "general repair, rebuilding or reconditioning of engines, motor vehicles or trailers; collision services, including body, frame or fender straightening or repair; over-all painting or paint shop; and vehicle steam cleaning." In violation of the permit, Director found Respondent had a substantial number of wrecked vehicles without current or valid state license plates that were not being held for auto body repairs. Director also found the premises were being used:

> ...for automobile wrecking, or for the dismantling or disassembling of used motor vehicles or trailers, or the storage, sale or dumping of...wrecked vehicles or their parts...in violation of the Zoning Ordinances, Rules and Regulations of the City of Berkeley, Missouri, and in excess of the limitations and authority granted under said license, permit, variance or special use permit granted to respondent.

Director ordered Respondent: cease and desist using the premises in violation of the zoning and permit limitations; cease and desist using the premises for automobile wrecking; remove all unlicensed wrecked motor vehicles by November 20, 1997; and appear before Director on November 21, 1997, to show cause why the permit should not be revoked. Respondent was informed that failing to cease and desist use of the premises in

said manner by November 20, 1997, would result in revocation of the permit.

On October 7 and 31, 1997, Respondent was informed, pursuant to the City of Berkeley Ordinance, that:

> ...in the event you appear before the Director of Public Works...to show cause why said license, permit, variance or special use permit should not be revoked and the Director of Public Works shall find that you have not removed any and all unlicensed vehicles dumped or stored on said premises, in full compliance with this Order, the Director shall order said license, variance or special use permit revoked, and you shall have not more than ten (10) days from the date of the Director's decision and order in which to appeal the decision of the Director of Public works to the City Council of the City of Berkeley, Missouri. You may appeal said decision to the City Council by filing a notice of appeal thereof, in writing, with the City Clerk....Said appeal must be received by the City Clerk not more than ten (10) days from the date of the decision of the Director of Public Works. The timely filing of a notice of appeal to the City Council shall stay the Order of the Director of Public Works pending the outcome before the City Council, only.
>
> Furthermore, you are advised that if you file an appeal with the City Council and the City Council sustains the decision of the Director of Public Works and orders your license, permit, variance or special use permit revoked, you may thereafter appeal said decision of the Director of Public Works or the City Council to the Circuit Court of the County of St. Louis...provided however, the appeal to the Circuit Court shall not stay the order of the Director of Public Works or the City Council unless and until said court shall issue order staying same.

Director had a subsequent hearing on November 21, 1997, to determine if Respondent complied with the October 31, 1997 order. Director inspected the premises, found the vehicles had not been removed, and orally ordered Respondent's operation "cease and desist as of now." Respondent asked Di-

rector for a stay order pending the appeal to the City Council. Director denied the request.

On November 24, 1997, Respondent filed a petition in the St. Louis County Circuit Court seeking, inter alia, a writ of prohibition to prevent Appellant from revoking the permit and a writ of mandamus to stay enforcement of the November 21, 1997 administrative order. On November 25, 1997, the court entered a Preliminary Order In Prohibition ordering Appellant to answer Respondent's petition and refrain from all action until further ordered. Respondent thereafter filed a notice of appeal with City Council on December 1, 1997.

On December 18, 1997, by special entry of appearance before the court, Appellant moved to dismiss on the grounds that the trial court lacked jurisdiction because Respondent, by proceeding to the circuit court prior to a hearing before the City Council, failed to exhaust all administrative remedies. In its March 20, 1998 judgment, the circuit court: denied Appellant's motion; found Respondent complied with the permit and was entitled to operate an automobile storage facility; stated Director acted in excess of statutory authority; found Appellant was estopped from deciding whether the permit authorized storage of automobiles; and granted a permanent writ of prohibition. The court also ordered Appellant to stay enforcement of the November 21, 1997 administrative order and ordered the matter set for hearing before City Council. Appellant alleges, inter alia, that the court erred in denying dismissal of the claim in that it lacked subject matter jurisdiction because Respondent failed to exhaust all administrative remedies.

■ Appellant raises six points in its appeal of the trial court's judgment. First, Appellant alleges the court erred in denying dismissal of Respondent's claim in that it lacked subject matter jurisdiction because Respondent failed to exhaust all administrative remedies.

In its second point, Appellant argues the court erred in entering a judgment and order in mandamus in that it lacked jurisdiction over the members of the City Council be-

cause they were not named as party defendants and there was no demonstration of a clear and present right to mandamus.

In its third point, Appellant contends the court erred in granting judgment because Respondent failed to present sufficient evidence to meet its burden of proof.

In point four, Appellant avers the court erred in finding Respondent's operation of an automobile storage facility was in compliance with the permit because, under Section 536.140 RSMo (1994), the finding of facts was exclusively within Appellant's jurisdiction.

In point five, Appellant maintains the court erred in finding the Director acted in excess of his statutory authority because the City Municipal Code, and the permit itself, specifically granted said authority.

In its final point, Appellant claims the court erred in entering a judgment finding Appellant was estopped from deciding whether the permit authorized exterior storage of automobiles because there was no substantial evidence to support the judgment.

Because we find the exhaustion of administrative remedies issue to be dispositive, we will not address the merits of the five additional issues. We also note that we were not tendered a Respondent's brief.

■ The exhaustion of remedies issue is one of subject matter jurisdiction. *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo. banc 1994). The proceedings of a trial court without subject matter jurisdiction are void and the only recourse is to dismiss the cause. *Id.*

A "contested case" is a proceeding before an agency in which legal rights, duties or privileges are required by law to be determined following a hearing. Section 536.010(2) RSMo (1994). In a contested case, administrative remedies must be exhausted prior to judicial review. Section 536.100 RSMo (1994).

In the case at bar, the review process provided for a formal hearing at which both parties were allowed to present evidence under oath. It also provided for public notice, cross-examination and rebuttal, and a record

of the proceedings. This process defines a contested case which requires exhaustion of administrative remedies before seeking judicial relief.

The City of Berkeley ordinance provides the administrative machinery available to parties aggrieved by decisions of Director. The ordinance states that any aggrieved party may appeal Director's decision by filing a notice of appeal to City Council not more than ten days from the date of Director's decision. If City Council sustains Director's decision, aggrieved parties may appeal to the Circuit Court of the County of St. Louis.

Director ordered Respondent cease and desist operations and denied to stay the order pending appeal to City Council. Respondent filed a petition with the circuit court on November 24, 1997 seeking writs of prohibition and mandamus. Respondent filed a notice of appeal to City Council on December 1, 1997.

■ We find that although Director violated the ordinance in denying to stay the order pending appeal to City Council, Respondent could have included the Director's misdeed when Respondent should have timely filed an appeal to the City Council. Nonetheless, aggrieved parties must appeal to the City Council before seeking judicial relief. Respondent failed to exhaust all of the administrative remedies and, therefore, was not entitled to judicial relief.

Because the circuit court lacked subject matter jurisdiction, the writs of mandamus and prohibition are quashed and this cause is remanded to the trial court for dismissal of the action.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.