**James L. DORRIS, Appellant,**

v.

**The MISSOURI SUBSTANCE ABUSE COUNSELORS' CERTIFICATION BOARD, INC., Respondent.**

**No. WD 57016.**

Missouri Court of Appeals,
Western District.

Dec. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2000.

Richard Dale Bender, Springfield, for appellant.

Robert Jackson Buckley, Columbia, for respondent.

Before BRECKENRIDGE, P.J., LOWENSTEIN, and ULRICH, JJ.

ULRICH, Judge.

James L. Dorris appeals from the trial court's order dismissing his petition seeking judicial review of the revocation of Mr. Dorris' substance abuse counselor certification by the Missouri Substance Abuse Counselors' Certification Board, Inc. ("MSACCB"). The trial court dismissed Mr. Dorris' petition with prejudice for lack of subject matter jurisdiction. Mr. Dorris contends that he is entitled to judicial review of his certification revocation by MSACCB, a not-for-profit private corporation, because MSACCB is an "agency" under the Missouri Administrative Procedures Act in that the Missouri Department of Mental Health ("Department") delegated the power to certify and de-certify alcohol and drug abuse counselors to MSACCB by promulgating rules recognizing MSACCB's certification as one standard for deeming a counselor "qualified" to practice as a substance abuse counselor in Missouri. The judgment of the trial court dismissing Mr. Dorris' petition with prejudice is affirmed.

## Background

The Missouri Substance Abuse Counselor's Certification Board, Inc. is a not-for-profit, private Missouri corporation established in 1977 by the Missouri Association of Alcoholism Counselors for the purpose of providing a recognized credential for qualified counselors to assist persons suffering from substance abuse. MSACCB is one of many private certification organizations throughout the United States related to substance abuse counseling. Partic-

ipation in MSACCB is purely voluntary. Applicants are interviewed, tested, and certified according to the bylaws of the organization. The State of Missouri exercises no control over the testing procedures, adoption of the bylaws or any other type of procedures implemented by MSACCB. Further, MSACCB maintains its own fiscal accounts and records and is audited by a private CPA. The State exercises no additional authority over MSACCB other than the general authority exercised over a not-for-profit corporation operating in Missouri.

Prior to MSACCB's revocation, Mr. Dorris was a drug, alcohol and substance abuse counselor recognized and certified by MSACCB. In October 1997, MSACCB received a statement of complaint filed against Mr. Dorris and began an investigation into the allegations. MSACCB held a hearing on May 5, 1998, before MSACCB's Hearing Panel of the Committee on Ethics and Appeals ("Hearing Panel"). After the hearing, the Hearing Panel presented its findings and recommendations to MSACCB members and they voted to revoke Mr. Dorris' MSACCB certification as a substance abuse counselor. MSACCB ordered Mr. Dorris' certification revoked with a two-year ineligibility to apply for reinstatement. Mr. Dorris then filed his petition with the trial court seeking review of MSACCB's revocation of his substance abuse counselor certification. The trial court dismissed Mr. Dorris' petition with prejudice for lack of jurisdiction. This appeal followed.

### Standard of Review

■ A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. *Lederer v. Director of Division of Aging*, 865 S.W.2d 682, 684 (Mo.App. W.D.1993). The decision to dismiss for lack of subject matter jurisdiction

is within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *Id.* A trial court's dismissal with prejudice will not be disturbed absent a finding of clear abuse of discretion by the trial court. *Williams v. City of Kansas City*, 841 S.W.2d 193, 198 (Mo.App. W.D.1992). Judicial discretion is abused only where the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Speck v. Union Electric Co.*, 731 S.W.2d 16, 22 (Mo. banc 1987)(superseded on other grounds by *Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc 1997)).

### Point on Appeal

■ In his sole point on appeal, Mr. Dorris contends that the trial court erred in dismissing his petition without a hearing on the merits because he is entitled, under the Missouri Administrative Procedures Act ("MAPA"), Chapter 536, RSMo 1994, to judicial review of MSACCB's revocation of his alcohol and drug counselor certification because MSACCB is an "agency" of the Missouri Department of Mental Health. He contends that the Department delegated the power to certify and decertify alcohol and drug abuse counselors to MSACCB when it promulgated 9 CSR 30–3.010(2)(LL)4 and 9 CSR 30–3.810(3)(PP)4 which utilize certification by MSACCB as one standard for establishing a counselor as a "qualified counselor" or "qualified substance abuse counselor." The CSR sections promulgated by the Department define "qualified counselor" and "qualified substance abuse counselor" as:

> a person who provides substance abuse counseling and demonstrates substantial knowledge and skill by being either—
>
> 1. A counselor, psychologist[1] or physician licensed in Missouri who has at least one (1) year of full-time experi-

---

1. 9 CSR 30–3.810(3)(PP)1 differs slightly from 9 CSR 30–3.010(2)(LL)1 by listing social

worker in addition to counselor, psychologist or physician.

ence in the treatment of rehabilitation of substance abuse;

2. A graduate of an accredited college or university with a master's degree in social work, counseling, psychology, psychiatric nursing or closely related field, who has a least two (2) years full-time experience in the treatment or rehabilitation of substance abuse;

3. A graduate of an accredited college or university with a bachelor's degree in social work, counseling, psychology or closely related field, who has a least three (3) years full-time experience in the treatment or rehabilitation of substance abuse; or

4. An alcohol, drug or substance abuse counselor certified by the Missouri Substance Abuse Counselors Certification Board, Inc.;

9 CSR 30–3.010(2)(LL); 9 CSR 30–3.810(3)(PP).

The only other statutory reference to MSACCB is contained in section 337.505(15), RSMo Cum.Supp.1998, which provides that drug abuse counselors certified by MSACCB are specifically exempted from the professional counselor statutory licensure requirements:

No person shall use the title of "professional counselor", "counselor" or "provisional licensed professional counselor" or engage in the practice of professional counseling in this state unless the person is licensed as required by the provisions of sections 337.500 to 337.540. Sections 337.500 to 337.540 do not apply to: ...

(15) Drug abuse counselors certified by the department of mental health as meeting standards in rules promulgated pursuant to section 630.655, RSMo, *certified by the Missouri substance abuse counselors certification board,* or by an agent acceptable to the committee, so long as such counselors are practicing consistent with such standards, and they are serving only individuals with drug-related concerns;

§ 337.505(15), RSMo Cum.Supp.1998 (emphasis added).

■ Article V, section 18 of the Missouri Constitution states that "[a]ll final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law." Sections 536.100 and 536.150, RSMo 1994, provide for review of administrative "agency" decisions by either petition for review, injunction or original writ. However, to be entitled to judicial review under MAPA, the adjudicating entity must be an administrative "agency," as defined by section 536.010(1), RSMo 1994. This statute defines "agency" as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(1), RSMo 1994.

■ MSACCB does not meet the statutory definition of an "agency" provided in the Administrative Procedure and Review Act, section 536.010(1), RSMo 1994. MSACCB is neither an administrative officer or body existing under the constitution or by law nor is it authorized by law or the constitution to make rules or adjudicate contested cases. MSACCB was not created pursuant to any statute or administrative rule promulgated by the State Division of Mental Health. It, instead, was created as a not-for-profit private corporation independent of any state governmental organization. MSACCB's creation in accordance with statutes governing the formation of not-for-profit corporations does not qualify it as "existing by law" pursuant to the section 536.010(1), RSMo 1994, definition of "agency." Additionally, MSACCB is not authorized by any statute or regulation to make rules or adjudicate contested cases. Accordingly, MSACCB does not qualify as an "agency" under the statutory definition contained within section 536.010(1), RSMo 1994. The Missouri

Department of Mental Health's mere recognition of MSACCB as one of four ways a person is deemed "qualified" as a substance abuse counselor confers neither *de facto* nor *dejure* "agency" status upon the MSACCB. The trial court, therefore, did not abuse its discretion in dismissing Mr. Dorris' petition seeking review of MSACCB's revocation of its substance abuse counselor's certification.

The judgment of the trial court dismissing the case with prejudice is affirmed.

All concur.