**GOLDEN RULE INSURANCE COMPANY, Appellant,**

v.

**MISSOURI DEPARTMENT OF INSURANCE, Respondent.**

No. WD 58775.

Missouri Court of Appeals, Western District.

Aug. 14, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 2001.

William D. Rotts, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Penney R. Rector, Asst. Attys. Gen., Jefferson City, for Respondent.

FOREST W. HANNA, Judge.

Golden Rule Insurance Company submitted a group health insurance rider form entitled "Precertification Requirements Rider" to the Department of Insurance for its approval. The Department interpreted the rider form, as defined by § 376.1350(24), to be a "managed care plan" requiring compliance with §§ 376.1350–376.1390, RSMo 1997. Golden Rule disputed the Department's interpretation, maintaining that these statutory provisions did not apply to its rider form because it was not a managed care plan. Golden Rule insisted that its rider form should be classified as a "health indemnity plan," which is a plan expressly excluded from the requirements of §§ 376.1350, et seq.

Golden Rule then sought declaratory relief in the Circuit Court of Cole County. The circuit court dismissed the petition for lack of subject matter jurisdiction stating that Golden Rule failed to exhaust all of its available administrative remedies. On appeal, Golden Rule maintains that the trial court had subject matter jurisdiction. Because Golden Rule was required to and did not exhaust its administrative remedies, the trial court properly dismissed Golden Rule's petition for declaratory judgment.

The underlying dispute centers on the application of § 376.1350(24), which defines a "managed care plan," as it applies to the group health insurance plan offered by Golden Rule. Sections 376.1350 through 376.1390 regulate utilization review procedures for health insurance carriers. A "managed care plan" is a health benefit plan "that either requires an enrollee to use, or creates incentives, including financial incentives, for an enrollee to use, health care providers managed, owned, under contract with or employed by the health carrier." Section 376.1350(24). A health indemnity plan is "a health benefit plan that is not a managed care plan," and is exempt from the requirements of §§ 376.1350, et seq. 376.1350(23).

In order to properly consider Golden Rule's position, the Department requested information about the rider form and its intended use. Specifically, the Department inquired whether the form would be attached to Golden Rule's policies including any type of provider network. Golden Rule responded that the rider form would

be used in conjunction with preferred provider networks. However, it maintained that because Golden Rule itself did not directly contact the providers, the rider plan did not fit within the statutory definition of a managed care plan. The Department held to its position that the rider was a "managed care plan" because it involved direct contacts with health care providers. The Department advised Golden Rule that its form must be revised to meet the statutory requirements contained in § 376.1350 et seq. because the rider form constituted a "managed care plan."

Golden Rule was invited to resubmit its forms to comply with the relevant statutory provisions. Further letters of disagreement transpired until July 22, 1999, when Golden Rule provided additional information but resubmitted the same form for approval. The Department replied that the rider remained disapproved and advised Golden Rule that the matter was being forwarded to the Department's Market Conduct section so that the issue could be addressed in a market conduct examination of Golden Rule's business practices. The Department reiterated that Golden Rule was entitled to an administrative hearing on the disapproved rider form if it requested one.

Golden Rule did not request an administrative hearing but rather filed a petition for declaratory relief in the Circuit Court of Cole County. Golden Rule's declaratory judgment action challenged the validity and application of the Department's

threatened enforcement of its "agency rules."[1] The petition, couched in terms of a violation of the application of the Department's rules and regulations, alleged in relevant part that the Department of Insurance "has threatened and intends to enforce [its] *rules* and *regulations,* promulgated to implement and effectuate the provisions of Sections 376.1350 through 376.1390, against Golden Rule in [its] scheduled market conduct examination of Golden Rule and its business practices in the State of Missouri." (Emphasis added).[2] The petition was dismissed by the circuit court stating that it lacked subject matter jurisdiction.

Golden Rule's points on appeal are directed to the trial court's jurisdiction. It contends § 536.050, RSMo 1994, provides an exception that allows it to bypass the requirement that it must exhaust its administrative remedies. It argues that its challenge is directed to the validity of the agency rules or the threatened application of its rules. See § 536.050.

Generally, the law requires that a party exhaust its administrative remedies before filing suit challenging an agency decision. "It is well-settled that when an administrative remedy is available such remedy must be exhausted before a court may give injunctive or declaratory relief." *Mo. Health Care Ass'n v. Mo. Dep't of Soc. Servs.,* 851 S.W.2d 567, 569 (Mo.App.1993). The issue of the exhaustion of remedies is

---

1. These are the agency rules that Golden Rule argues that the Department threatened to invoke: 20 CSR 400–10.010—Requirements of Utilization Review Program Documents; 20 CSR 400–10.020—Annual Reporting Requirements for Health Carriers Regarding Utilization Review Activities; 20 CSR 400–10.200—Authorization for Health Care Services Not to be Withdrawn After the Services Have Been Provided, Exceptions; 20 CSR 400–10.250—Electronic Confirmation of Utilization Review

Determinations Deemed Made When; 20 CSR 100–5.010—Notice Requirements of an Adverse Determination; and 20 CSR 100–5.020—Grievance Review Procedures.

2. In the event Golden Rule failed to comply, the Department informed Golden Rule that it would conduct a market conduct examination of the company's insurance business practices, which it did commence.

"one of subject matter jurisdiction." *Toghiyany v. City of Berkeley*, 984 S.W.2d 560, 563 (Mo.App.1999). When exhaustion of remedies is a requirement, and the party fails to avail itself of all administrative remedies, the trial court is without subject matter jurisdiction, "and the only recourse is to dismiss the cause." *Id.*

The statutory provision, which Golden Rule contends provides an exception, reads as follows:

The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the *validity of rules, or of threatened applications thereof,* and such suits may be maintained against agencies *whether or not the plaintiff has first requested the agency to pass upon the question presented.* . . . . (Emphasis added).

Section 536.050(1).

The party alleging a lack of jurisdiction has the burden of proving by a preponderance of the evidence that the circuit court lacks jurisdiction, although the quantum of proof is not high. *Burns v. Employer Health Servs., Inc.,* 976 S.W.2d 639, 641 (Mo.App.1998). When considering a motion averring that the court lacks jurisdiction, the court is not restricted to a mere consideration of the pleadings. *Rell v. Burlington N. R.R. Co.,* 976 S.W.2d 518, 520 (Mo.App.1998). Rule 55.27 establishes a flexible and effective procedure for the presentation of affidavits, exhibits and evidence on the factual question of jurisdiction. *DuBose v. Flightsafety Int'l, Inc.,* 824 S.W.2d 486, 488 (Mo. App.1992). The decision to dismiss for lack of subject matter jurisdiction is within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *Dorris v. Mo. Substance Abuse Counselors' Certification Bd., Inc.,* 10 S.W.3d 557, 559 (Mo.App. 1999).

Section 536.050, by its terms, applies if the agency's administrative rules, not the statutes, are at issue. The statute exempts a party seeking declaratory relief from the necessity of exhaustion of its administrative remedies only with respect to the validity of the agency rules or their threatened application. In that respect, it imparts limited jurisdiction to the circuit court to render declaratory relief in those situations where the validity of agency rules or their threatened application is at issue. Hence, Golden Rule advances the argument here that the threat to apply the statute is necessarily a threat to apply agency rules promulgated under the statute.[3]

Most, if not all, governing agencies conduct business pursuant to rules produced by virtue of the applicable statutes. If we accept Golden Rule's argument, every challenge to a statute could be considered an attack on the rules promulgated thereunder and would render the need to exhaust administrative remedies a nullity, thus defeating the statute's purpose.

The dispute between the entities involves the definition of a managed care plan as defined by § 376.1350(24) and a health indemnity plan, § 376.1350(23), and their application to Golden Rule's policy rider. A managed care plan, and a health indemnity plan are both defined by statute, not the agency rules. §§ 376.1350(23) and (24). The Department did not resort to the agency's rules in making a determination as to which statutory provision was applicable to the rider form. The case

---

**3.** In fact, Golden Rule acknowledges in its brief that the issue presented involves the statutory construction of § 376.1350 and the exemption described in § 376.1389(23(if referring to health indemnity plan)), and its application to a managed care plan.

presented to the trial court demonstrated that the Department did not threaten Golden Rule with the application of the agencies' administrative rules, nor did it rely on an administrative rule as its basis for rejecting the rider form. Instead, the record shows that the Department's rejection of Golden Rule's policy rider was based on its determination that the rider fell within the definition of a "managed care plan," as defined by § 376.1350(24). Therefore, Golden Rule cannot advance a claim under § 536.050 unless it has exhausted its available administrative remedies consistent with the proposition that if an administrative remedy is available such remedy "must be exhausted before a court may give injunctive or declaratory relief." *Mo. Health Care Ass'n,* 851 S.W.2d at 569. We hold that § 536.050 does not provide the basis for the court's subject matter jurisdiction.

The circuit court's judgment dismissing the petition for lack of subject matter jurisdiction is affirmed.

JAMES M. SMART, JR., Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.