Ann JENKINS, Respondent,

v.

Ben CROFT, Appellant.

No. 24122.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 18, 2002.

Wayne Gifford, Waynesville, for Appellant.

None for Respondent.

ROBERT S. BARNEY, Chief Judge.

Ben Croft ("Appellant") appeals from the judgment of the Circuit Court of Texas County granting a full order of protection to Ann Jenkins ("Respondent") pursuant to the Adult Abuse Act. *See* § § 455.010–455.085.[1] In his sole point on appeal Appellant contends that the court erred in not dismissing Respondent's petition for order of protection pursuant to Appellant's motion to dismiss and quash service. Appellant argues the court lacked subject matter jurisdiction and jurisdiction over his person because "the hearing was not originally scheduled within the fifteen days after filing as required by section 455.040.1."[2] Appellant maintains that the words of the pertinent provision of the foregoing sub-section were mandatory rather than directory and that the court's

---

1. Statutory references are to RSMo 2000 unless otherwise set out.

2. Section 455.040.1 provides in pertinent part that:

Not later than fifteen days after the filing of a petition pursuant to sections 455.010 to 455.085 a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted.

judgment was "void, if not ab initio, sixteen days after filing."

The record shows that December 18, 2000 Respondent, the mother-in-law of Appellant, filed her verified adult abuse petition for order of protection against Appellant, alleging various instances of abuse and stalking. On the same date the court entered its adult abuse ex parte order of protection prohibiting Appellant from abusing or threatening to abuse, stalk, or enter upon the premises of Respondent's dwelling and that of Respondent's daughter, Appellant's wife. The court also set the hearing on the full order of protection for January 11, 2001. The record is devoid of a showing that the court continued the case for good cause shown.

In pertinent part, the docket sheets reveal that on January 9, 2001, Appellant's motion for change of judge was granted and a new hearing judge was assigned to the case. The docket sheets also revealed an entry dated February 16, 2001, showing that Respondent appeared pro se and that Appellant appeared with his attorney and "argues that court lacks jurisdiction. Motion overruled." The court then entered its full order of protection in favor of Respondent but deleted any mention of prohibiting Appellant from entering the premises of Respondent's daughter.

■ "It is a well-recognized principle that in order for a court to acquire jurisdiction to adjudicate, it must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case." *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138 (Mo.App. 1985); *see In Re Marriage of Neal*, 699 S.W.2d 92, 94 (Mo.App.1985). "Where a trial judge has jurisdiction over the person and subject matter and jurisdiction to enter the order complained of, that the order is erroneous does not establish that there

was a lack of jurisdiction." *Neal*, 699 S.W.2d at 94.

■ "Personal jurisdiction ... is about the authority of a court to render judgment over a particular defendant." *State ex rel. DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). As a general rule a defendant found within the territorial jurisdiction of a court is subject to that court's in personam jurisdiction. *See In Re Shaw*, 449 S.W.2d 380, 382 (Mo.App.1969); *see also* Rule 54.13, Missouri Court Rules (2000).

In the instant matter, the record shows that Appellant received a copy of the ex parte order of protection showing that a hearing in the cause was to take place on January 11, 2001. The sheriff's return showed that Appellant was served at his address on December 22, 2000. Appellant appeared with his attorney at the hearing set for the full order of protection. Appellant prosecuted his motion to dismiss. The court had personal jurisdiction over Appellant prior to the court's rendition of its judgment. *See In Re Shaw*, 449 S.W.2d at 382.

■ However, Appellant also appears to premise the court's lack of jurisdiction over him on the basis that the court lacked subject matter jurisdiction to proceed in the case in either event. There is a clear distinction between in personam jurisdiction, which centers on "the authority of a court to render judgment over a particular defendant," *DePaul Health Ctr.*, 870 S.W.2d at 822, *supra*, and subject matter jurisdiction. " 'Subject matter jurisdiction' is the authority of a court to determine the general question involved. If the pleadings state a matter belonging to a general class over which the authority of the court extends, that court has 'subject matter jurisdiction.' " *Claxton v. Buzbee*, 975 S.W.2d 955, 957 (Mo.App.1998); *see In Re Estate*

*of Pittman,* 16 S.W.3d 639, 641 (Mo.App. 2000).

"A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction." *Dorris v. Mo. Substance Abuse Counselors' Cert. Bd., Inc.,* 10 S.W.3d 557, 559 (Mo.App.1999). "[A] cause of action dismissed for lack of subject matter jurisdiction is dismissed without prejudice." *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982). "The decision to dismiss for lack of subject matter jurisdiction is within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion." *Dorris,* 10 S.W.3d at 559. "Judicial discretion is abused only where the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*

Appellant sets out that the court failed to continue the hearing "for good cause shown" at the time the court set the hearing more than 15 days after Respondent filed her petition. Appellant maintains "the word 'shall' [in § 455.040.1] is mandatory and not directory" and that the court's failure to hold a hearing within 15 days of the filing of the petition deprived the court of subject matter jurisdiction. *See U.S. Cent. Underwriters Agency, Inc. v. Hutchings,* 952 S.W.2d 723, 725 (Mo. App.1997). "As applied to time limitations, however, Missouri courts have applied a somewhat different rule of construction." *Frager v. Director of Revenue,* 7 S.W.3d 555, 557 (Mo.App.1999). "When a statute provides what results shall follow a failure to comply with its terms it is mandatory and must be obeyed; if it merely requires certain things to be done without prescribing the results that follow, the statute is merely discretionary." *Id.*

Section 455.040 specifies no result will follow from the court's failure to hold a hearing within 15 days of the filing of the petition without an express showing of good cause shown for continuance. It was within the court's discretion to set the hearing beyond the 15 days after the petition was filed. *Id.; Farmers & Merchants Bank v. Dir. of Rev.,* 896 S.W.2d 30, 33 (Mo. banc 1995)("[S]tatutes directing the performance of an act by a public official within a specified time are directory, not mandatory."). "A contrary construction would only serve to frustrate the goals of the Adult Abuse Act." *Grist v. Grist,* 946 S.W.2d 780, 782 (Mo.App.1997). The court was not deprived of subject matter jurisdiction by its actions in setting the full order of protection hearing more than 15 days in advance without a showing of good cause. *See Citizens for Envtl. Safety v. Mo. Dept. Nat. Res.,* 12 S.W.3d 720, 726 (Mo.App.1999).

In our review of the ex parte order of protection, entered by the court pending the final hearing, we do not see where Appellant was deprived of any property interests. Additionally, he suffered but a limited impingement of his liberty interests. The ex parte order dissolved of its own accord 15 days after its issuance. *See Grist,* 946 S.W.2d at 782; *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 231 (Mo. banc 1982). Given the facts of this case the court's failure to hold the full order of protection hearing within 15 days without good cause shown did not constitute an abuse of discretion. *See Mo. Dept. Nat. Res.,* 12 S.W.3d at 726. Point denied.

The judgment is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.