

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| M.R.R., | ) | |
| | ) | |
| Respondent, | ) | WD87076 consolidated with |
| v. | ) | WD87077 |
| | ) | |
| K.W.C., | ) | OPINION FILED: |
| | ) | |
| Appellant. | ) | July 1, 2025 |
| | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
**Honorable Kimberly Jane Shaw, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge Presiding,**
**W. Douglas Thomson, Judge, and Janet Sutton, Judge**


K.W.C. (Father) appeals the judgments entered by the Circuit Court of Boone County (trial court) granting full orders of protection under Missouri's Adult Abuse Act, sections 455.010-455.095,[1] and the Child Protection Orders Act, sections 455.500-455.538, against him and in favor of M.R.R. (Mother)[2], and two minor children, N.H. and A.C.  On appeal, Father challenges: (1) the trial court's refusal to dismiss the cases when Mother did not initially appear at the hearing on the full orders of protection; (2) the timing of the hearing held on the full orders of protection; (3) a purported insufficient notice of the hearing on the full orders of protection;

---

[1]  Statutory references are to the Revised Statutes of Missouri, as supplemented.

[2]  Mother did not file a brief with this Court.  We recognize that Father is the biological father of A.C., but not of N.H.  We refer to the parties by Mother and Father simply for ease of reference.

(4) the sufficiency of Mother's petition for an order of protection; (5) the evidence in support of an order of protection; (6) the trial court's denial of his motion to set aside the default judgment; and (7) custody determinations made in the order of protection. We affirm.

## Factual Background

Father initiated custody proceedings concerning the minor child A.C. in late January 2024.[3] Mother was served with the custody petition on February 2, 2024, and on the same day, Mother filed a petition for an emergency ex parte order of protection for herself and for minor children A.C. and N.H. The court denied Mother's ex parte requests, but ordered a summons to issue and set a hearing on the issuance of full orders of protection for February 14, 2024. On February 5, 2024, Father was served with both petitions for orders of protection.

Mother filed a request on February 8, 2024, to continue the hearing because she was attempting to find representation. The same day, the court sustained the motion and continued the hearing to March 6, 2024. According to docket entries, on February 13, 2024, the court notified both parties by phone of the new court date.

On March 6, 2024, Father appeared for the hearing on Mother's petitions for orders of protection, but Mother did not appear. Nothing indicates that Father moved to dismiss the petitions at this time. The court transferred both cases to the division where the custody petitions were pending. On March 8, 2024, the trial court set the hearing for March 22, 2024, and sent notice to the parties. One day before the hearing, Father filed a motion to continue, stating that he was requesting a continuance "on the advice received this morning from Mid-Mo Legal Services."

---

[3] Father also initiated custody proceedings concerning N.H., although that case was ultimately dismissed.

On March 22, 2024, Mother and a guardian ad litem (GAL) appeared for the hearing. The trial court noted that Father did not appear but was "attempting to log on to the court's video room via Webex." The trial court did not admit Father via Webex because Father had an outstanding warrant. The trial court continued the cases one week to March 29 and entered a docket entry reflecting this.

One day before the hearing, on March 28, Father requested another continuance, stating, illogically, that he received notice of the March 29 hearing on March 29[4] and that this was not sufficient notice under the Missouri Rules of Civil Procedure.[5]

At the March 29 hearing, Mother appeared in person, the GAL appeared remotely, and Father attempted to also appear remotely by Webex. The trial court did not allow Father to remotely access the hearing because of his outstanding warrant. Mother testified in support of her petitions for orders of protection for her and the two minor children.

The trial court entered judgments of full orders of protection for Mother and the minor children. The trial court found that it was in Mother, Father, and the children's best interests to automatically renew the full orders of protection, making the orders effective until March 29, 2026.

The orders of protection also awarded custody of N.H. and A.C. to Mother and allowed Father only supervised contact with the children. The trial court noted that the judgments did not permanently resolve child custody or support issues, and set the cases for "review of custody

---

[4] Clearly, Father's assertion is incorrect. Father could not have received notice of the March 29 hearing *on March 29* to have been able file his continuance request on March 28.

[5] The record demonstrates that the trial court, after granting Father and Mother's continuance requests, reset the hearing for March 29 and sent notice to the parties on March 26.

orders" on April 26, 2024. The same day the trial court entered its judgments, Father filed his notices of appeal.

On April 17, 2024, Father filed an unverified motion to set aside the default judgment in both cases, contending that he had both good cause and a meritorious defense. The parties appeared in person on April 26, 2024, and the trial court took up Father's motions to set aside. The GAL and Mother objected to Father's motions. On May 3, 2024, the trial court denied Father's motions to set aside.

Less than a week later, an attorney entered his appearance on Father's behalf in both order of protection cases and moved for the trial court to reconsider its denial of Father's earlier motion to set aside.[6] The parties appeared for a hearing and Father's counsel presented only argument on his reconsideration request. Mother and the GAL objected.

On June 3, 2024, the trial court sustained Father's motion to reconsider. The trial court set aside both full orders of protection, entered ex parte orders of protection, and set the cases for a hearing. Mother obtained counsel, and on July 22, 2024, she filed motions to set aside the trial court's June 3 orders. Father's counsel withdrew from the cases. On August 19, 2024, the trial court sustained Mother's motions to set aside, stating that it did not have authority to enter the June 3, 2024, set aside orders because of the notices of appeal filed by Father. As a result, the trial court's original March 29, 2024, orders of protection remained in effect.

Father appeals *pro se*.

_____

[6] Father has not included this motion in our legal file on appeal.

4

**Legal Analysis**

**Points One, Two and Seven**

In his first, second, and seventh points on appeal, Father sets forth various reasons to support his claim that the trial court erred in denying his Rule 74.05(d) motions to set aside and reconsider the "default judgments." In Father's first and second points on appeal, he argues that the trial court erred in proceeding and issuing a default judgment on March 29 because he was denied proper notice, and deprived of the opportunity to prepare for, and participate in, the hearing. Father argues that Rule 74.05(d) and due process prohibit default judgments where "procedural deficiencies exist." In Father's seventh point on appeal, he argues that the trial court erred in denying his motions to set aside and reconsider the default judgment for the same reasons as argued in points one and two. We therefore address these three points together.

Whether the circuit court had the authority to enter a default judgment is a question of law which we review de novo. *Interest of B.K.B.*, 655 S.W.3d 16, 21 (Mo. App. W.D. 2022); *Gen. Credit Acceptance Co. v. Reese,* 375 S.W.3d 264, 265 (Mo. App. E.D. 2012); *Agnello v. Walker*, 306 S.W.3d 666, 676 (Mo. App. W.D. 2010).

First, we must address Father's categorization of the trial court's March 29th judgments as "default judgments." Father incorrectly labels the trial court's judgments of full orders of protection as "default judgments." These were not default judgments and any reference to the judgments as default judgments is a misnomer. "Rule 74.05(a) makes it clear that it is the failure to file a responsive pleading 'as provided by these rules,' meaning the Missouri Rules of Civil Procedure, that causes a party to be in default such that a party will only be in default, for failure to file a responsive pleading, *if* a responsive pleading was required to be filed under the rules of civil procedure." *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo. App. W.D. 2004) (citing *Wilson*

*v. Wilson*, 925 S.W.2d 218, 219 (Mo. App. E.D. 1996)).  Thus, in *Cramer*, the "appellant would only have been in default, with respect to the respondent's amended motion to modify child support, if she were required, as provided in the rules, to file a responsive pleading to the respondent's motion." *Id.*[7]  Accordingly, upon determining a responsive pleading was not required in a motion to modify child support, this Court determined that the appellant's "failure to file one did not cause her to be in default with respect thereto.  And, her failure to appear was not sufficient to hold her in default." *Id.*  Thus, it is clear that where a responsive pleading is not required, neither the failure to file one nor the failure to appear is sufficient to hold the party in default. [8]

Here, Father was not required to file a response to Mother's petitions for orders of protection and the allegations in Mother's petitions were "taken as denied" and Father could not be held in default.  *See B.K.B.*, 655 S.W.3d at 23; *Cramer*, 125 S.W.3d at 376; *Mottet v. Dir. of Revenue*, 635 S.W.3d 862, 864 n.1 (Mo. App. W.D. 2021).  No statutory provision or rule authorizes the entry of a default judgment in order of protection cases.  Instead, the petitioner

---

[7]  Similarly, in *B.K.B.*, a termination of parental rights case, we held that since mother was not required to file a responsive pleading, she could not be held in default for not filing same. *Interest of B.K.B.*, 655 S.W.3d 16, 21 (Mo. App. W.D. 2022).

[8]  We also note that, in proceedings in the associate circuit division of the circuit court, default judgments are frequently entered, even though defendants are not generally required to file responsive pleadings by virtue of section 517.031.2.  "[A] defendant cannot be in default in a chapter 517 claim for failure to file a responsive pleading." *Zick, Voss, Politte & Richardson v. Puetz*, 629 S.W.3d 843, 846 (Mo. App. E.D. 2021).  Although responsive pleadings are not generally required, section 517.131 "expressly authorizes the entry of a default judgment 'when the opposing party has been duly and timely served with summons and does not appear in court on the return date or subsequent date to which the case has been continued.'" *B.K.B.*, 655 S.W.3d at 23.  "No similar statutory provision authorizes the entry of a default judgment in termination of parental rights cases based on a parent's failure to appear." *Id*.  Orders of protection cases, like termination of parental rights cases, have no similar provision.

must prove the allegations of domestic violence, stalking, or sexual assault by a preponderance of the evidence,[9] resulting in judgments on the merits, not default judgments.

Because the trial court's judgments were not "default judgments," Father could not move to set them aside under Rule 74.05(d), nor could the trial court properly grant such a motion on those grounds.[10] *See Midwest Clearance Ctrs., LLC v. St. Louis Retail Outlet, LLC*, 679 S.W.3d 157, 164 (Mo. App. E.D. 2023). *See also Cramer*, 125 S.W.3d at 376.

Regarding Father's due process claims, we note, *ex gratia*, that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *C.B. v. G.B.,* 701 S.W.3d 669, 672-73 (Mo. App. E.D. 2024). Missouri courts have further explained that "[c]onstitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." *Breckenridge Material Co. v. Enloe*, 194 S.W.3d 915, 921 (Mo. App. E.D. 2006). *See also C.B.*, 701 S.W.3d at 673; *Midwest Grain & Barge Co. v. Poeppelmeyer*, 295 S.W.3d 211, 213 (Mo. App. E.D. 2009). The Missouri Rules of Civil Procedure protect an individual's due process right to notice:

---

[9] Section 455.040.1(1).

[10] We recognize there are other cases analyzing Rule 74.05(d) motions to set aside a default judgment in the context of a judgment of an order of protection. *See, e.g., T.T. v. Burgett*, 380 S.W.3d 577 (Mo. App. W.D. 2012); *Sastry v. Sastry*, 302 S.W.3d 264 (Mo. App. E.D. 2010). These cases, however, did not decide whether a default judgment can be entered in an order of protection case and did not discuss the distinction between a judgment entered by default and a judgment on the merits as this was not the point raised on appeal.

7

Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment. This Rule 74.03 shall not preclude relief under Rule 74.06.

Rule 74.03. Relatedly, Rule 43.01(a) states, in relevant part, that:

Each party shall be served with:

(1) Every pleading subsequent to the original petition;

(2) Every written motion, other than one that may be heard ex parte; and

(3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served.

On March 8, 2024, notice was sent by the trial court that the hearing on the orders of protection were set for March 22, 2024. Father obviously received notice of this hearing as he attempted to log in remotely to the hearing. He also had previously filed a motion to continue the hearing on March 21, 2024. Mother also requested a continuance. The trial court granted the requests and reset the hearing for March 29, 2024. An entry was made on Case.net by the court clerk on March 22, 2024, indicating the new March 29, 2024 setting. The trial court also sent written notice by mail on March 26, 2024. Father filed another motion to continue on March 28, 2024, which clearly indicates he knew of the March 29, 2024, setting. He also attempted to log in remotely to the hearing on March 29 knowing he would not be allowed to do so with his outstanding warrant. There was no lack of notice to Father amounting to a due process violation.

Finally, with respect to Father's argument that he was improperly denied access to the hearing on the full orders of protection based on the trial court's application of "a local court rule," Father has not provided or otherwise identified the local court rule in either his point or in his argument, nor has he included it in the record on appeal. Our review is based only upon the

8

record on appeal and it is the appellant's duty to furnish the necessary records for us to review the issues. *Dale v. Dir., Mo. Dep't of Soc. Servs., Fam. Support and Children's Div.*, 285 S.W.3d 770, 772 (Mo. App. S.D. 2009). *See also Cent. Am. Health Scis. Univ., Belize Med. Coll. v. Norouzian*, 236 S.W.3d 69, 79 (Mo. App. W.D. 2007) (citation omitted) ("Where . . . the record does not contain all information and documents necessary for this [c]ourt to determine an issue presented on appeal, review by this court is impossible, and the claim of error must be dismissed."). Father has failed to provide us with the information necessary to resolve this specific contention and we are unable to review the trial court's application of this unidentified local court rule to Father's circumstances. We also note that there is no allegation that Father was prohibited from appearing *in person* for the hearing. Father himself informed the trial court that he attempted to appear by Webex because of his outstanding warrant.

Points one, two, and seven are denied.

### Points Three and Four

In Father's third point, he argues that the trial court erred in granting "the full order of protection" because "the petition" failed to provide specific allegations, and that the lack of specific dates, times, and facts violated section 455.040 and his right to prepare a defense. In his fourth point, Father argues that the trial court erred in "granting the full order of protection" because he claims that the evidence presented at the hearing failed to establish abuse, harassment, or stalking.

Rule 84.04(d)(1) requires each point relied on to "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." "Abstract statements of law, standing

9

alone, do not comply with this rule." Rule 84.04(d)(4). The briefing requirements for points relied on are to provide notice to the opponent of the precise matters they must contend with and answer and to also inform this Court of the issues presented for resolution. *Paulson v. Dynamic Pet Prods., LLC*, 560 S.W.3d 583, 591 (Mo. App. W.D. 2018).

In this case, Mother filed two petitions for orders of protection, one for herself and one on the minor children's behalf. The trial court issued two separate full orders of protection under two different case numbers. Points three and four are deficient because the points do not specify which petition or which evidence in support Father is challenging, respectively. In order to review the claimed errors in points three and four we would have to supplement and complete Father's arguments for him. We will not do so. It would be "improper for us to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018) (internal quotation marks and citation omitted). We cannot make or complete Father's argument as this would place us in the position of Father's advocate which is an inappropriate role for this Court. *See id.* "If this Court cannot reach the merits without supplementing the appellant's legal arguments, then nothing has been preserved for review." *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 24 (Mo. App. W.D. 2022) (citation omitted).

Further, "[t]his Court has no duty to review the argument portion of [Father]'s brief to ascertain his contentions." *T.G. v. D.W.H.*, 648 S.W.3d 42, 48 (Mo. App. E.D. 2022). In point three's argument, Father only challenges allegations made in "the petition," but does not identify which petition. In point four's argument he appears to refer to both orders of protection and evidence in support, although it is unclear. If we were left to search the argument portion of the brief to clarify Father's contentions, much more "is at stake than a waste of judicial time . . .

10

[t]he more invidious problem is that the court may interpret the thrust of the contention differently" than Father intended. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). "If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal." *Id.*

Finally, if Father intended to raise a claim of error in points three and four as to both petitions and both orders of protection, then the points are still deficient. Rule 84.04(d) "requires separate points to challenge separate rulings or actions." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505-06 (Mo. banc 2022). *See also Bi-Nat'l Gateway Terminal, LLC v. City of St. Louis*, 697 S.W.3d 593, 598 (Mo. App. E.D. 2024) (concluding that an appellant's points were multifarious as the points challenged "two distinct rulings: the trial court's ruling on [one count] and, separately, its ruling on [a different count]"). Challenging Mother's two separate petitions and the evidence in support of two separate judgments in single points is impermissibly multifarious.

> *Pro se* appellants must follow the same rules of procedure as parties represented by attorneys, and they are not entitled to exceptions they would not receive if represented by counsel. We recognize the problems faced by *pro se* litigants, but we cannot relax our standards for non-lawyers. Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties.

*Freeland*, 647 S.W.3d at 26 (internal quotation marks and citations omitted).

Points three and four are denied.

### Point Five

In his fifth point on appeal, Father argues that the trial court erred in issuing custody determinations "in the full order of protection" because a separate custody case was pending. Father argues that the trial court's decision to include custody determinations in the protection order exceeded its statutory authority and created "jurisdictional conflicts" between the proceedings.

11

Father cites section 455.040 to support his argument that custody determinations within protection orders are permissible only in the absence of a pending custody case. (AppBR 19). Section 455.040 does not state this.[11] Father also cites "*Schutter v. Siebold*, 370 S.W.3d 87 (Mo. App. W.D. 2012)," to support his argument. We have been unable to locate this case with the cite Father provided.[12] Father's citation to a case we cannot locate and a statute that does not stand for what Father says it stands for are insufficient to develop his claim of error.

Rule 84.13(a) states that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" "To be properly briefed, an appellant must develop in the argument section of the brief the claim of error raised in the point relied on." *Republic Fin., LLC v. Ray*, 698 S.W.3d 184, 188 (Mo. App. E.D. 2024) (citation omitted). Nothing is preserved for review when an appellant fails to cite to supporting relevant authority or explain the lack of citations to authority. *Id.* "When a party fails to support allegations with relevant legal authority or argument beyond conclusory statements, we deem the point abandoned." *Id.* (citation omitted).

---

[11] The only mention in section 455.040 related to custody is as follows:

> The sheriff shall enter information contained in the order, including, but not limited to, any orders regarding child custody or visitation and all specifics as to times and dates of custody or visitation that are provided in the order. A notice of expiration or of termination of any order of protection or any change in child custody or visitation within that order shall be issued to the local law enforcement agency for entry into MULES or any other comparable law enforcement system.

§ 455.040.3. Section 455.050.3(1)—not cited by Father—does mention the award of custody of any minor child within an order of protection when no prior order regarding custody is pending or has been made.

[12] A case exists with the caption *Schutter v. Seibold*, 632 S.W.3d 820 (Mo. App. W.D. 2021), and it discusses child custody jurisdiction under the UCCJEA. It does not discuss custody issues in an order of protection setting.

Further, the child order of protection terminated on April 4, 2025. Father's allegations of improper child custody determinations in this appeal are moot because the custody case is being actively litigated under the pending child custody matter, with the case set for trial.[13]

Point five is denied.

**Point Six**

In his sixth point, Father argues the trial court erred when it failed to conduct the hearing on Mother's petitions for orders of protection within fifteen days, as required by section 455.040. Father argues that his due process rights were violated when the hearing was held, without a showing of good cause, a little less than two months after Mother filed the petitions.

Missouri's Adult Abuse Act provides that a hearing shall be held "not later than fifteen days" after the filing of a petition for an order of protection, unless the court deems that a continuance should be granted for good cause shown. § 455.040.1(1); *L.E.C. v. K.R.C.*, 674 S.W.3d 97, 101 (Mo. App. E.D. 2023). Section 455.040, however, "specifies no result will follow from the court's failure to hold a hearing within fifteen days of the filing of the petition without an express showing of good cause shown for continuance." *Jenkins v. Croft*, 63 S.W.3d 710, 713 (Mo. App. S.D. 2002). *See Farmers & Merchs. Bank and Tr. Co. v. Dir. of Revenue*, 896 S.W.2d 30, 33 (Mo. banc 1995) ("[S]tatutes directing the performance of an act by a public official within a specified time are directory, not mandatory."). A trial court has the discretion to set the hearing beyond fifteen days after a petition is filed. *Jenkins*, 63 S.W.3d at 713. "A contrary construction would only serve to frustrate the goals of the Adult Abuse Act." *Grist v. Grist,* 946 S.W.2d 780, 782 (Mo. App. E.D. 1997). In this instance, the trial court's exercise of discretion "should be directed toward the accomplishment of fundamental fairness and the

---

[13]  Case number 24BA-FC00078.

avoidance of unfair disadvantage." *L.E.C.*, 674 S.W.3d at 105 (quoting *Blake v. Irwin*, 913 S.W.2d 923, 936 (Mo. App. W.D. 1996)).

Similarly, section 455.516.1 of the Child Protection Orders Act states that a hearing shall be held "[n]ot later than fifteen days" after the filing of a petition unless the court deems, for good cause shown, that a continuance should be granted. Section 455.516 does not specify that any result will follow from a court's failure to hold a hearing within fifteen days of the filing of the petition without an express showing of good cause for continuance. Therefore, a trial court has the discretion to set the hearing beyond fifteen days after a petition is filed. *See Jenkins*, 63 S.W.3d at 713; *Grist*, 946 S.W.2d at 782.

Here, the trial court did not abuse its discretion in holding the hearing on the petitions for full orders of protection less than two months after Mother filed her applications because there was good cause shown for the continuances. First, the court initially set the hearing only twelve days after she filed her petitions, but then Mother and Father both filed continuance requests. In addition, one day before the trial court had scheduled the hearing, Father requested a second continuance, and the trial court continued the hearing. Father then requested, for a third time, a continuance one day before the scheduled hearing, stating, *inter alia*, that he did not have sufficient time to prepare. Father cannot now complain on appeal that the "delay" in the trial court conducting the hearing violated his due process rights when he himself requested, several times, that the trial court continue the matter.

Given the circumstances of this case, although the trial court did not hold the hearing on Mother's petitions for full orders of protection within fifteen days, the trial court did not abuse its discretion as there was good cause shown for the continuances.

Point six is denied.

14

**Point Eight**

In Father's eighth and final point on appeal, he argues that the trial court erred in denying his oral motion to dismiss he made at the March 6 hearing when Mother did not appear. Father argues that Missouri courts "require dismissal" when the petitioner is absent, Mother offered no explanation for her absence, and that the trial court's failure to dismiss violated his due process rights.

Trial courts have considerable discretion in determining whether a case should be dismissed for failure to prosecute, and we will not disturb a trial court's determination on that issue unless there was an abuse of discretion. *Shirrell v. Mo. Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). Further, a "trial court has the inherent power to dismiss a case, on its own motion, for failure to prosecute." *Buxton v. Todd*, 598 S.W.3d 921, 924 n.1 (Mo. App. W.D. 2020) (citing *Laubinger v. Mo. State Highway Comm'n*, 726 S.W.2d 355, 356 (Mo. App. W.D. 1987)). Trial court discretion in this area is not abused unless, when weighed by the facts and circumstances before the trial court at the time, its ruling is so illogical that it shocks the sense of justice. *Shirrell*, 535 S.W.2d at 448. If reasonable persons can differ about the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion by such ruling. *Id.*

First, we note that Father is wrong when he says Mother "offered no explanation for her absence." Mother filed a request on February 8 to continue the hearing, stating: "I am working toward finding an attorney to represent me and have appointments already established. I would like enough time to fully present my case."

15

Next, we have reviewed the record and the transcript from the March 6 hearing and Father neither filed a motion to dismiss nor moved orally for the trial court to dismiss Mother's petitions. At the hearing, the following discussion occurred between the court and Father:

> THE COURT: For the record, the Court was informed by Guardian ad Litem [One] that there is a pending custody matter in Division 8 with Commissioner Yancey, with a separate Guardian ad Litem [Two]. And that the Guardian ad Litems believed that it would be best to consolidate the matters and have one GAL for both cases. The Court has since had communications with Division 8 and by agreement of Division 8, as well as the Guardian ad Litems — I'm sorry — all matters will be consolidated to one division. So these will be sent to Division 8 with Commissioner Yancey. Okay? So see when those are currently set.
>
> [FATHER]: Even without the Respondent — or I mean the Petitioner?
>
> THE COURT: Because there is a child order and the Guardian ad Litem [Two], has already been in contact with the parties with regards to that one. That is the only reason.
>
> [FATHER]: Yeah. I know there's just no specific allegations even on the petitions, 31 days instead of no information, I believe supporting what —
>
> THE COURT: And so I definitely understand your frustration with regards to that. And in a standard manner where the Petitioner does not show up, you're correct, the Court would dismiss. But because, and even I don't know if you were here earlier, but even when the parties wish to dismiss the child order by agreement, you heard —
>
> [FATHER]: Yes.
>
> THE COURT: — the Court ask the Guardian ad Litem if there was any objection. And because the Guardian ad Litem [Two] would like the matters consolidated, while that's not an outright objection —
>
> [FATHER]: Right.
>
> THE COURT: — because they're an opinion from the Guardian ad Litem, I'm not dismissing them at this time.
>
> [FATHER]: Yes, I understand that.
>
> THE COURT: I'm just going to consolidate them to Division 8. And then Commissioner Yancey will then decide what course of action to take from there. Okay?

[FATHER]: 185 and 186?

THE COURT: I'm going to send — yes, sir. All of the cases will be sent to Commissioner Yancey.

[FATHER]: Okay.

Although Mother did not appear at that first setting, the court did not err in continuing the March 6 hearing on Mother's petitions. The cases were transferred to the division where the petitions for child custody and support were pending and were ultimately set out only around two weeks later to March 22, 2024. Father has offered no authority to support his contention that the trial court was required to dismiss the cases when Mother did not appear at the first date the trial court set for hearing on her petitions. The hearing on Mother's petitions was held less than two months after Mother filed her petitions. The trial court acted within its discretion to continue the cases pursuant to both parties' continuance requests and in not dismissing the petitions at the March 6 hearing date.

Point eight is denied.

## Conclusion

The trial court's judgments are affirmed.

_____
Janet Sutton, Judge

Anthony Rex Gabbert, C.J., and W. Douglas Thomson, J. concur.

17